[Civ. No. 6338. Second Appellate District, Division One.—January 10, 1929.]

In the Matter of the Estate of DILLARD H. CLARK, Deceased. ELIZA S. WINN CLARK, Appellant, v. DILLARD H. CLARK, Jr., et al., Respondents.

Crouch & Sanders and John W. Willmott for Appellant.

Wright & McKee for Respondents.

HOUSER, J.—The question involved in this appeal relates to the legality of a judgment or order by which a former order of allowance made to the widow of the deceased was reduced in amount and later altogether discontinued.

It is conceded that the parties to the appeal are bound by the findings of fact which were made by the trial court, and which, so far as are here material, may be briefly stated as follows: Besides the widow, the decedent left surviving him two children by a former wife. His estate in California was valued at approximately $300,000. By his will decedent left the widow a life interest in $40,000—the bulk of the remainder of his estate to his children. After all claims against the estate had either been "allowed or provided for," there remained a value of $200,000 for distribution among the heirs. In addition to the estate in California, decedent left an estate in Oklahoma consisting of surface rights in 160 acres of land, unproductive mineral rights in other lands, and approximately ten per cent of the mineral rights in the said 160 acres, which at that time were producing oil and gas. The widow waived her rights under the provisions of the will of deceased and elected to claim such interest in the entire estate of the testator as by law she might be entitled to receive. In Oklahoma she laid claim to and was awarded an undivided one-third interest in the estate left by the testator therein; from which at the time the order here in question was made she had received the sum of $7,000 in advancements upon her distributive interest, and within a short time would be in receipt of an income from the remainder of the estate in Oklahoma amounting to between $300 and $400 a month. Of the estate in California, up to the time the order in question was made, the widow had received as family allowance a total of $14,600, which had been paid to her at the rate of $750 per month for one year, and thereafter at the rate of $500 per month. A claim interposed by the widow in this state that $200,000 of the California estate of the decedent was community property and that she was entitled to an undivided one-half thereof, was by the court denied. At that time it was shown that the widow was the owner and in possession of the home, of the value of $25,000, formerly held in joint tenancy and occupied by her and the deceased. It also appeared that the

home was very expensive to maintain; that the deceased was a retired officer of the United States Army with the rank of major, and that he and his wife "moved in good circles of society"; that the widow was "far advanced in age, feeble and somewhat crippled, a woman of culture and refinement . . . not capable of earning a livelihood." It further appeared that the petition of the children of decedent to distribute the estate and the petition by them to reduce and discontinue the family allowance were heard together by the trial court, and that upon the hearing of such petitions it was determined by said court that all the estate of the decedent was his separate property and passed under his will; that no part of same was community property; that the respondent had no interest therein; and distribution was accordingly ordered of practically the entire estate to the children of decedent, except such thereof as was necessary to pay claims, taxes, and expenses of administration; that such sums as theretofore had been paid to the widow as "family allowance" were reasonably necessary and proper.

From such facts the trial court drew the following conclusions of law:

"That in view of the practical total distribution of this estate being ordered at this time to persons other than the respondent, the family allowance to the widow should be discontinued, but in a reasonable way, so as to allow her a reasonable time in which to make adjustments and provide for her future maintenance.

"That the respondent should receive the $500 monthly allowance which will accrue to her on the 28th day of October, 1927, under the former order of this court; that she shall thereafter receive further sums as follows, and no more: The sum of $250 on the 28th day of November, 1927, and on the 31st day of December, 1927, the sum of $158.33; and that from and after January 1st, 1928, the family allowance be discontinued."

The point presented by appellant is that the trial court erred in reducing and finally discontinuing the family allowance for the reason that distribution of the estate had been ordered to others than the widow.

Section 1466 of the Code of Civil Procedure contains the provision that: "If the property set apart is insufficient for the support of the widow and children, or either, the court or a judge thereof must take such reasonable allowance out

of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, . . . ''

What is meant by the expression ''during the progress of the settlement of the estate'' has heretofore received consideration from courts of appellate jurisdiction. In the matter entitled *In re Dougherty's Estate,* 34 Mont. 336 [86 Pac. 38], in effect it was held primarily that the facts and circumstances surrounding a petition relating to the granting of a family allowance to the widow of the deceased should control; that the widow was entitled to a family allowance for such time only as was reasonably necessary to settle the estate; and that the trial court was justified in refusing any such allowance after the estate should have been reasonably ready for distribution. And those principles of law in substance were affirmed in the later case of *In re Eakins' Estate,* 64 Mont. 84 [208 Pac. 956]. See, also, *Estate of Treat,* 162 Cal. 250, 256 [121 Pac. 1003].

 It is a general rule, attested by many authorities, that at least so far as the amount is concerned, an order for family allowance rests within the sound discretion of the trial judge; and, in consequence, unless an abuse of discretion be clearly apparent, the order will not be disturbed on appeal. (*In re Lux,* 100 Cal. 593, 605 [35 Pac. 341]; *Estate of Bump,* 152 Cal. 274 [92 Pac. 643]; *Estate of Cowell,* 164 Cal. 636 [130 Pac. 209]; *Estate of Nelson,* 167 Cal. 321 [139 Pac. 692].)

In the case last cited the original family allowance was $500 per month. Upon partial distribution but $7,600 remained in the estate, of which amount $1,600 was then due the widow for accrued allowance. Held, not an abuse of discretion for the court to reduce the family allowance to the sum of $50 per month.

 Considering the facts hereinbefore outlined, together with the authorities to which attention has been directed, it would seem clear that the trial court was acting within its discretion herein. With the exception of certain claims pending against the estate, all the assets of the estate had been distributed. Although the legality of the order of distribution was subject to inquiry by appeal, all intendments favored the judgment, and the trial court was justified in assuming that its judgment was sound and would be upheld by the appellate court,—as in fact it has been, and

that judgment is now final. ■ The contention on the part of the appellant that the widow was entitled to a family allowance "during the progress of the settlement of the estate," or until the estate was finally settled, should be determined in the light of the facts and circumstances existing as of the time the order in question was made. In the Montana case (*In re Dougherty's Estate, supra,* it was apparent that the widow, who was the administratrix of the estate, was preventing a final distribution of the estate solely for the purpose of having the family allowance (theretofore ordered by the court) paid to her, to the end that the assets of the small estate would be exhausted exclusively in her favor and that the other heirs of the deceased would receive no part of the estate. As hereinbefore indicated, the ruling was a denial of such assumed right—in other words, the language of the statute should receive an interpretation consonant with right and justice. If in all cases were the words of the statute to be literally construed it would always be possible for the widow, upon one pretext or another, to prevent the closing of the estate, and thus exhaust its resources to the injury of the other heirs. For example, if it be assumed that, as is here urged by appellant, an appeal from an order made in the course of the distribution of an estate would have the effect of tolling the statute in favor of the payment of the family allowance "during the progress of the settlement of the estate," it is apparent·that for the refusal by the trial court to make any imaginable order requested by the widow of the testator, an appeal might be attempted or taken which would have the effect of delaying the final distribution of the estate and result in a continuance of the payment of monthly amounts to the widow as "family allowance"; and that sort of.thing might be many times repeated, and so long as any funds or assets remained in the estate.

This court is of the opinion that the judgment and orders should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.