[Civ. No. 9139. First Appellate District, Division Two.—September 15, 1933.]

In the Matter of the Estate of ALFRED FRY BROAD, Deceased. WELLS FARGO BANK & UNION TRUST COMPANY, as Executor, et al., Appellants, v. LOUISE M. BROAD, Respondent.

Francis V. Keesling, Garton D. Keyston and Harry G. McKannay for Appellants.

L. C. Pistolesi for Respondent.

SPENCE, J.—This is an appeal from an order granting an allowance to the respondent widow, Louise M. Broad, for her maintenance during the administration of the estate.

The deceased died in 1930. During that year an inventory and appraisement was filed, but it was signed only by the inheritance tax appraiser, while three appraisers had been appointed. Thereafter respondent petitioned for an allowance for her maintenance and an order was made granting her the sum of $125 per month for the period of one year from and after the death of the deceased. No appeal was taken from said order. In 1931 another inventory and appraisement was filed, which document was signed by all three appraisers. In May, 1932, after the last-mentioned inventory had been filed and after the original allowance to the respondent had terminated, respondent petitioned for a further allowance of $150 per month. Appellants objected to the hearing of said petition, claiming that the trial court was without jurisdiction to make any further allowance. The trial court overruled the objection and proceeded with the hearing. The estate was not insolvent and although there had been a depreciation in values, there was still property of the value of approximately $7,600 in the hands of the executor. The trial court found that six months was the time reasonably necessary for settling the estate and made its order granting respondent an allowance of $25 per month for a period of six months. This appeal is taken from the last-mentioned order.

Appellants contend that the trial court "had no jurisdiction to entertain the petition of the widow for a second family allowance after the inventory was filed". Although the parties discuss in their briefs the effect of the filing of the first inventory, we do not believe that question need be discussed here in view of the conclusions which we have reached. If after filing a valid inventory a probate court can properly make an allowance for a limited period and, after the expiration of such limited period, make a further allowance for a second limited period, then the question of the validity of the first inventory herein is of no importance. As we view the record on the present appeal, the solution of this question is determinative of the controversy, as it is not contended that the trial court

abused its discretion in making the second order in the event that it had the power to make said order after the termination of the first.

In support of the foregoing contention appellants argue that it makes no difference whether the matter be considered in the light of section 680 of the Probate Code or of sections 1466 and 1467 of the Code of Civil Procedure, ''but one allowance after the inventory is filed is contemplated by the said sections''. No authority is cited in support of this argument and we do not believe that the power of the trial court is thus limited by the terms of the sections mentioned. Said sections of the Code of Civil Procedure, which were in effect at the time of the death of the deceased, were replaced by various sections of the Probate Code, which were in effect at the time of the making of the order appealed from, but the earlier sections were substantially similar to the new sections. Section 680 of the Probate Code provides in part, ''The widow and minor children are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not continue longer than one year after granting letters.'' The claim to such allowance is strongly favored in our law. (*Estate of Gould,* 181 Cal. 11 [183 Pac. 146]; *Estate of Whitney,* 171 Cal. 750 [154 Pac. 855]; 11 Cal. Jur. 493.) While section 681 of the Probate Code has been so worded as to avoid the necessity previously existing for making two orders based upon two separate petitions, one before the filing of the inventory and the other after the filing of the inventory, neither said section nor the earlier sections of the Code of Civil Procedure contain anything which in our opinion would prohibit the trial court from making more than one order after the filing of the inventory in order to give to the widow the allowance to which she might be entitled ''during the progress of the settlement of the estate''. It may be the general practice to make but one order for such allowance, subject to the power of the court to modify such order (*Estate of Boselly,* 179 Cal. 218 [176 Pac. 45]), but we see no objection to the practice adopted here. The first order was limited to a period of one year after the death of the deceased, within which time it was possible to determine whether the estate

was solvent, to determine how much time would be required to settle the estate and to determine other matters which would be pertinent to the consideration of the propriety of making a further allowance. We believe the procedure adopted was entirely proper and that the trial court did not "exhaust its jurisdiction" by making the first order. The authorities appear to support this view. (*Roberts* v. *Mc-Kimmon*, 67 Cal. 349 [7 Pac. 733]; *Estate of Bump*, 152 Cal. 274, 278 [92 Pac. 643]; 11 Cal. Jur. 495.)

Appellants have called our attention to the language of the court in the *Estate of Clark*, 96 Cal. App. 243 [274 Pac. 76]. There the trial court had exercised its discretion and discontinued the family allowance before the final settlement of the estate. We have no doubt that there are cases in which such action is fully warranted, but we find no facts in the record before us showing that the trial court abused its discretion in granting a further allowance pending final settlement of the estate.

The order is affirmed.

Nourse, P. J., and Dooling, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 14, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 13, 1933.