[Civ. No. 10322. First Appellate District, Division Two.—September 24, 1936.]

In the Matter of the Estate of ALBERT FIELD COFFIN, Deceased. LULU HANNAH COFFIN, Appellant, v. EDITH L. BRUSE et al., Respondents.

Charles A. Bliss and Clark & Heafey for Appellant.

Leon French and Treat & Ogden for Respondents.

NOURSE, P. J.—The appeal herein is from an order denying a petition of the widow to modify an order for family allowance. Two motions were made by respondents pending the appeal. Upon the ground that the order for family allowance was made in accordance with a stipulation of the parties, the respondents moved for a diminution of the record for the purpose of including such stipulation. This was granted. The respondents also moved for a dismissal of the appeal upon the ground that the appellant had accepted the benefits of the order of which she asked modification and that her appeal is therefore moot. Since we have found that the order appealed from must be affirmed upon its merits, the motion to dismiss is denied.

The appeal from the order presents the simple question of the power of the probate court in relation to the granting of a family allowance. Section 680 of the Probate Code declares that the widow and minor children *are entitled to such reasonable allowance* out of the estate as shall be necessary for their maintenance during the progress of the settlement of the estate. ■ It is the contention of the appellant that this section requires the periodical payment to the widow and minor children of a fixed sum from the date of the death of the decedent until the date of the settlement of the estate no matter how long the latter date is delayed through the fault or neglect of those receiving the allowance. She predicates her argument upon disconnected expressions from earlier cases as to the mandatory character of the provisions of the code section destined to maintain the status of the widow and the minor children in the condition which they had enjoyed prior to the death of the decedent. The error of the appellant's argument, and of some of the authorities upon which she relies, rests in the assumption that the code section requires that this allowance be paid periodically from the date of death to the date of settlement of the estate. But the code section does not require the payments

to be made in that manner. It has declared that the widow and minor children are entitled to a reasonable allowance during the progress of the settlement of the estate, and all the authorities agree that what is a reasonable allowance is a matter to be determined in the sound discretion of the probate court. In making this determination it is' competent for the court to determine what is a reasonable time within which the estate should be settled and to fix the amount of the allowance accordingly. This is the rule adopted in *Estate of Clark,* 96 Cal. App. 243, 246 [274 Pac. 76], and supported by authorities therein cited. We followed this rule in *Estate of Broad,* 134 Cal. App. 196, 199 [25 Pac. (2d) 31], and we have found no recent authority to the contrary. Hence, when the probate court is asked to fix "a reasonable allowance" we see no impropriety in its first determining the reasonable time for the settlement of the estate and upon that basis fixing the total sum which in its judgment it deems reasonable to be paid as a family allowance. The fact that these payments are usually made in monthly instalments is merely a matter of convenience. The code does not require that they be paid in that manner or that some allowance be paid for every month up to the date of settlement of the estate.

In making the order of April 24, 1935, the probate court followed this practice. It was therein ordered that the widow be awarded the sum of $300 per month "continuing for a period not to exceed ten months, . . . or, until the final distribution of said estate, in the event that said estate is so finally distributed before the expiration of said ten months". The petition of the widow for modification of this order gave no good reason why the settlement of the estate had been delayed beyond the ten months' period. Upon the hearing of the petition, the court expressly inquired as to the reason for the delay and showed its dissatisfaction with the answer given. Upon this appeal the appellant has failed to show any abuse of discretion on the part of the probate court either in limiting the allowance to be paid to the widow or in limiting the period of payment.

In addition to this, the order of April 24, 1935, of which the appellant asked a modification, was based upon a stipulation of all the parties interested, made and filed in open court. By the terms of that stipulation the appellant

herein agreed to accept an allowance of $300 a month for a period not to exceed ten months. This was in effect an agreement that an allowance of $3,000 be paid to the widow unless the estate was settled in less than ten months. The agreement was itself evidence that this sum was a reasonable allowance within the terms of section 680 of the Probate Code, and is all the evidence that is necessary to support the reasonableness of the order of the probate court.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1936.