[Civ. No. 17539. Second Dist., Div. Two. July 11, 1950.]

Estate of GREGG W. TOLAND, Deceased. HELENE H. TOLAND, as Guardian, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor, etc., Respondent.

Lyman A. Garber for Appellant.

Riccardi, Webster & Donahue for Respondent.

WILSON, J.—Gregg W. Toland died on September 28, 1948, leaving surviving him his widow and three minor children one of whom, Lothian Toland, is his daughter by a prior marriage. Appellant, who is the mother of Lothian Toland, filed on her behalf a petition for family allowance. On June 2, 1949, the court ordered the executor to pay the sum of $175 a month to appellant for the use and benefit of Lothian To-

land, payment to commence forthwith and to continue for a period of not to exceed one year. Thereafter appellant filed (1) notice of intention to move to vacate decree and enter different decree; (2) request to the court to sign written findings of fact and conclusions of law; (3) petition to modify family allowance granted to Virginia Toland, decedent's widow; (4) petition to modify family allowance granted to Lothian Toland. Appellant's motions and petitions having been denied, she has appealed from the order denying such motions and petitions and from "so much of the Order entered June 2, 1949, . . . as fails to grant to the said minor a family allowance of $175 from October 1, 1948, to and including June 1, 1949."

As grounds for reversal appellant contends (1) that the court failed to make written findings of fact, and (2) that the court abused its discretion in fixing the amount and duration of the family allowances.

■ The rule is that findings of fact, unless waived, are required on all material issues raised by the pleadings (*Wilcox* v. *Sway,* 69 Cal.App.2d 560, 564 [160 P.2d 154]; *Saracco Tank & Welding Co.* v. *Platz,* 65 Cal.App.2d 306, 320 [150 P.2d 918]) but they are required only where issues of fact have been raised by the pleas and denials of the respective parties. (*Waldecker* v. *Waldecker,* 178 Cal. 566, 567 [174 P. 36].) No written objections to appellant's petition were filed and the sole question before the court was the amount to be awarded for the support of the minor child. When the cause came on for hearing respondent's counsel stated that if the court determined an award could be made at that time "there will be no objection to the amount." There was, therefore, no trial of any contested issue which would necessitate the filing of findings of fact.

■ The amount of family allowance to be granted is within the sound discretion of the trial court (*Estate of Coffin,* 16 Cal.App.2d 532, 534 [61 P.2d 81]) and its action in making the allowance will not be disturbed upon appeal unless an abuse of discretion is clearly shown. (*Estate of Lux,* 100 Cal. 593, 605 [35 P. 341]; *Estate of Mason,* 76 Cal.App. 315, 317 [244 P. 629].) In view of the wide range of discretion vested in the trial court in granting a family allowance it does not appear from the record herein that there has been any abuse in the amount awarded.

■ Appellant asserts that since the trial court had granted decedent's widow a family allowance from the date of death,

the allowance to Lothian Toland should also have been granted from October 1, 1948. The matter of granting an allowance from the date of death rests in the discretion of the court. (Prob. Code, § 680.)   However, since the court found that the minor was entitled to $175 a month, and inasmuch as the court had granted the widow a family allowance from the date of death, the discrimination constitutes an abuse of discretion, there being nothing in the record to indicate the needs of the minor, Lothian Toland, were any less for the period from October 1, 1948, to June 2, 1949, than they were after that date.

The second paragraph of the order of June 2, 1949, is amended to read as follows: "It is Ordered, Adjudged and Decreed by the Court that Bank of America National Trust and Savings Association, as executor of the estate of said deceased, is hereby authorized and directed to pay the sum of $175.00 per month to said guardian, for the use and benefit of Lothian Toland, minor child of said deceased, commencing October 1, 1948, and to continue for a period of not to exceed one year from the date hereof." As so amended the order is affirmed without prejudice to the right of the guardian of the minor to apply on behalf of said minor for and the power of the court to grant an allowance for an additional period. Order of June 30, 1949, denying appellant's motions and petitions affirmed.

Moore, P. J., and McComb, J., concurred.