[Civ. No. 14794. First Dist., Div. Two. Jan. 3, 1951.]

Estate of E. L. DOUGHERTY, Deceased. CECILE M. DOUGHERTY, Appellant, v. RUTH IDA GEORGE et al., Respondents.

Delany, Jarvis, Fishgold & Wercheck for Appellant.

Bruce Walkup and Thelen, Marrin, Johnson & Bridges for Respondents.

NOURSE, P. J.—This motion to dismiss the appeal is made on the ground that appellant has failed to properly procure the filing of the record on appeal. The county clerk's certificate shows that the action was a contest of a will on the ground that the decedent lacked testamentary capacity. Pertinent dates are: July 20, 1949: Verdict of the jury that decedent was of sound mind at the time of making his will. July 26, 1949: Judgment that contestant (appellant herein) take nothing against defendants (respondents herein). October 15, 1949: Written notice of appeal from the judgment of July 26, 1949, was filed. October 25, 1949: Appellant filed notice to prepare reporter's and clerk's transcripts. November 21, 1949: Clerk's notice of the mailing of the estimate of costs filed. December 2, 1949: Reporter filed waiver of deposit of fees.

The clerk's certificate further discloses that: "No stipulation to prepare an agreed statement or Notice of Intention to Propose a Settled Statement has been filed to the date hereof (November 27, 1950), and no proposed narrative statement has been filed to the date hereof, and there has been no order extending time for the preparation of the record filed to the date hereof," and that, "The record on Appeal has not been certified to the date hereof by reason of the fact that neither the Reporter's Transcript on Appeal nor the Clerk's Transcript on Appeal have been completed, and there is no proceeding pending in the Superior Court for the preparation of the record on appeal."

The affidavit of Bruce Walkup, attorney for one of the respondents, discloses that inquiries made by Dan L. Garrett and attorneys for the other respondent from January to July, 1950, disclosed that little progress was being made to complete the record on appeal; that he called on the reporter on November 14, 1950, and was informed that the reporter was working on the records and that since the reporter had received a check from the appellant that the work would go much faster; and affiant Walkup further alleges, upon information and belief, that the dilatory action of appellant in preparing the record for appeal is for the purpose of depleting

the estate by receipt of a monthly family allowance, which has amounted to date to $16,900, and is continuing currently at the rate of $350 per month.

An affidavit in opposition to the motion to dismiss was filed by one of the attorneys for the appellant on December 6, 1950. This opposition was not served and filed at least ten days before the date designated for the hearing as required by rule 41(a), Rules on Appeal.

The affidavit relates the following facts: that the trial consumed approximately six and one-half weeks; that the reporter's transcript alone is in excess of 2,000 pages; that on or about January 1, 1950, the official reporter working on the record was transferred from the trial court department to the department of the presiding judge, entailing a large amount of additional work; that the record in this cause was completed on December 4, 1950, and is now on file with the superior court clerk.

Appellant has ignored all the rules relating to the preparation and filing of the record on appeal. The opposition (which was filed contrary to rule 41(a)) makes no excuse for the long delay or the failure to apply for extensions of the times designated in the rules. Though the affidavit denies that the appeal was taken for the purpose of continuing the family allowance to the widow-appellant the facts deny the assertion.

"The policy of the law favors the speedy settlement of the estates of deceased persons, so much so that the legislature has provided that appeals to this court in probate cases shall take precedence over all other cases except those to which the people of the state are parties. (Code Civ. Proc., sec. 57.) That this is a wise policy no one will deny." (*Estate of Heywood,* 154 Cal. 312, 317 [97 P. 825].)

Appellant has not requested relief from his default and has given no ground upon which such relief could be granted; he merely suggests that we use our discretion. But, without a valid excuse for the delay there is no room for an exercise of discretion. The Rules on Appeal are positive and clear and it becomes our duty to follow them.

Appeal dismissed.

Dooling, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied February 2, 1951, and appellant's petition for a hearing by the Supreme Court was denied March 1, 1951. Carter, J., voted for a hearing.