[Civ. No. 14559. First Dist., Div. Two. Mar. 13, 1951.]

Estate of E. L. DOUGHERTY, Deceased. ROBERT L. BRIDGES, as Executor, etc., et al., Appellants, v. CECILE M. DOUGHERTY, Respondent.

Thelen, Marrin, Johnson & Bridges, Bruce Walkup and Dan L. Garrett, Jr., for Appellants.

Elmer P. Delany and Martin J. Jarvis for Respondent.

NOURSE, P. J.—Two appeals are taken on the same record from an order denying motions to terminate a family allowance and modifying an allowance theretofore made.

E. L. Dougherty died testate on May 30, 1948. On July 22, 1948, his will was admitted to probate. On November 1, 1948, the court granted the widow a family allowance of $750 a month from the date of the death of the testator. On December 21, 1948, the widow filed a contest of the will. On February 28, 1949, the executor filed his first account showing that all debts had been paid and that the estate was then ready to be closed except for the pending contest. It then appeared that the estate had been diminished from the inventory value of $41,535 to $29,508 by payment of the family allowance and expenses of administration.

On April 25, 1949, appellant George filed a petition to modify the family allowance on the ground that it was excessive since the widow had theretofore received from deceased $33,712 in life insurance, a home valued at $25,000 which has been held in joint tenancy, and all the household furnishings.

On May 10, 1949, the petition was set for hearing, but the court refused to hear it pending the will contest. Other continuances were granted because of the pendency of a motion for a new trial of the contest. In the meantime the executor filed his petition for a modification of the family allowance showing that the widow had been paid $10,500 in family allowance and that the original estate of $41,535 had been depleted to $25,024 and that attorney's fees and expenses of defending the contest remained to be paid.

On October 25, 1949, more than six months after the petition was filed, the court made its order reducing the allowance to $350 a month commencing October 1, 1949. The appellants argue that the order discloses a double breach of discretion, first in continuing the allowance to the widow in any amount, and second in awarding her the full $750 for the six months' period pending the hearing of the motion which delay was due solely to the fault of the court.

On the first point the parties agree that, under section 680 of the Probate Code, the court had power to grant the

widow such reasonable allowance as may be necessary and that the determination of the reasonableness and the necessity is a matter in the discretion of the trial court. But there is no fixed rule defining judicial discretion in a matter of this kind. ■ If the trial court had had before it the facts which are before us we have no doubt but it would have granted the motion. When this appeal was argued we also heard argument on a motion to dismiss the appeal from the judgment in the will contest. On January 3, 1951, that appeal was dismissed by this court on the showing that though notice of appeal was given on July 26, 1949, no record on appeal had been filed. (*Estate of Dougherty,* 101 Cal.App. 2d 576 [225 P.2d 613].) There was thus an inexcused delay of nearly 15 months during which time the widow would continue to receive the family allowance under the order here on appeal. But these are facts which were not before the trial court when the order was made and the trial court cannot now be charged with a breach of discretion in not anticipating the unreasonable delays of the widow in perfecting her appeal.

But this does not dispose of the matter. When appellant George's motion first came on for hearing the court stated that the $750 was too high and should be reduced. Through no fault of appellants their motions were not heard for five months. Then the court ordered a reduction from that date to $350. There were no changed circumstances during this five months' period. All the grounds for a reduction of the award were just as strong in May, 1949, as in October. And if the $350 was a "reasonable" amount in October, $750 was an unreasonable amount to be paid from May to October. The only reason given for the failure to act promptly on appellant George's motion was first, that a contest of the will was pending, and second, that after the widow lost the contest she might move for a new trial. Neither of these is a factor in determining what is "such reasonable allowance . . . as shall be necessary for their [the widow and minor children] maintenance." (Prob. Code, § 680.)

■ The rule is settled that in a proceeding of this kind the court should consider the needs of the widow and also "determine what is a reasonable time within which the estate should be settled and to fix the amount of the allowance accordingly." (*Estate of Coffin,* 16 Cal.App.2d 532, 534 [61 P.2d 81]; *Estate of Clark,* 96 Cal.App. 243, 246 [274 P. 76]; *Estate of Broad,* 134 Cal.App. 196, 199 [25 P.2d 31].) The

record discloses that neither factor was considered. It is conceded that the widow was in no need of the allowance for her support—that her personal fortune was far in excess of the value of the entire estate. And manifestly the court could not have anticipated the dilatory tactics of the appellant in the will contest, but it could have determined the reasonable time for closing the estate since it was shown that the estate was at that time ready to be closed, except for the pendency of the contest.

We hold that when it is made to appear that the settlement of the estate is delayed by the act of the widow for the sole purpose of continuing the allowance, and that, by reason of such allowance the estate has become insolvent and unable to pay the legacies under the will, it is a breach of discretion to deny an application to terminate the allowance after ''a reasonable time within which the estate should be settled.'' It was shown at the time these motions were heard on September 29, 1949, that the estate was then ready to be closed and that it would be unable to pay the legacies in full. As of that date the respondent had been paid the allowance since May 30, 1948, a period of 16 months. The motions to terminate the allowance should have been granted effective of the date they were filed.

Order reversed.

Dooling, J., and Schottky, J., pro tem., concurred.

A petition for a rehearing was denied April 12, 1951, and respondent's petition for a hearing by the Supreme Court was denied May 10, 1951. Edmonds, J., and Carter, J., voted for a hearing.