[Civ. No. 4801. First Appellate District, Division One.—February 29, 1924.]

## E. D. McGRATH, Appellant, v. JOSEPH R. KAELIN et al., Respondents.

**[1]** Statutory Construction—Statutes in Pari Materia—Intent of Legislature.—It is a rule of statutory interpretation that the intention of the legislature controls if it can reasonably be drawn from the language used, to the rejection of a more literal construction which would result in inconsistency or absurdity; and statutes *in pari materia* are all compared, and harmonized if possible, to ascertain the legislative intent and to give them effect accordingly.

[2] Judgments—Liens—Expiration.—The lien attaching to specific property by virtue of the docketing of a superior court judgment does not continue for five years from the time of the acquisition by the judgment debtor of after-acquired property, but is extinguished and ceases to exist at the end of five years from the docketing of such judgment unless the latter has been kept alive and is enforceable.

[3] Id. — Expiration of Lien — Purchase of Lands After Five Years.—A purchaser from a judgment debtor after the expiration of five years from the entry or docketing of the judgment, or such other period of limitation as the statute may prescribe, takes the land discharged from the lien unless it has been preserved by some exception to the statute.

(1) 36 Cyc., pp. 1106, 1107, 1108, 1109, 1147, 1149, 1150. (2) 34 C. J., p. 620, sec. 944. (3) 34 C. J., p. 620, sec. 944.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dutton, Seccombe & McDonough for Appellant.

Edward R. Eliassen for Respondents.

TYLER, P. J.—This action is one brought by plaintiff to establish an interest in certain real property by reason of an alleged judgment lien.

The amended complaint sets forth the following facts: On the nineteenth day of August, 1915, one J. H. W. Riley recovered a judgment of foreclosure and sale of certain real property against one Wallace Clark and his wife Illma. This judgment was entered on the twenty-third day of August, 1915. Thereafter, on the sixteenth day of September following, a deficiency judgment in said cause was entered and docketed in the office of the clerk of the court in favor of Riley and against the Clarks for the sum of $711.05, which judgment, it is alleged, has never been paid or satisfied and has been in full force and effect continuously up to the time of the commencement of the action. Thereafter, on or about the tenth day of September, 1917, and while such judgment was enforceable, Wallace Clark purchased and became the owner in fee of the real property here in question, with full knowledge by defendants in the

instant case. It is then alleged that the judgment against Clark and his wife became and was on said tenth day of September, 1917, a lien against said real property. Further allegations are to the effect that defendants herein claim an estate or interest adverse to the plaintiff which is inferior to and subject to the judgment lien. The mode or manner of the acquisition of such interest is not pleaded. The assignment by Riley of his interest in said judgment to plaintiff is then alleged, and the complaint prays for the usual relief.

Defendant Kaelin and his wife demurred to the amended complaint upon various grounds. The demurrer was sustained, and, plaintiff declining to amend, judgment was entered in favor of respondents. The plaintiff appeals.

In paragraph V of their demurrer respondents urged that "the deficiency judgment is defectively pleaded, since it cannot be ascertained from the recitals how it was continued in full force and effect, and in paragraph VII thereof they alleged that the cause of action upon which plaintiff and appellant relied was barred by the provisions of section 336, subdivision 1, of the Code of Civil Procedure. This brings us to the controlling issue raised by the pleadings, namely, whether or not a lien existed at the time this proceeding was instituted.

The judgment against the Clarks upon which the alleged lien is based was, as above recited, docketed September 16, 1915. The present action was commenced on March 3, 1921. It is the contention of the appellant that the lien continued for five years from the time of the acquisition of the after-acquired property by Clark on December 10, 1917. Respondent, on the other hand, insists that it expired or ceased to exist at the expiration of five years from the docketing of the judgment, namely, September 16, 1920, some six months prior to the filing of the complaint. It is conceded that the declaration in the amended complaint to the effect that the judgment had up to the time of the commencement of the action been in force and effect is based upon the construction which appellant claims should be given to section 671 of the Code of Civil Procedure. Unless it can be said, therefore, that the section warrants such construction, the lien is barred and extinguished. That

section provides as follows: "Immediately after filing the judgment roll, the clerk must make the proper entries of the judgment under appropriate heads in the docket kept by him, noting thereon the hour and minute of the day of such entry; and from the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor not exempt from execution in the county owned by him at the time or which he may afterwards acquire until the lien ceases. The lien continues for five years. . . . "

Appellant argues that under this section a judgment lien once attaching continues for five years, and that as the lien could not attach to after-acquired property until its acquisition by the judgment debtor, the lien should continue for five years after such acquisition.

We do not consider this the proper interpretation to be given to the section. [1] Even assuming that it is susceptible of such construction it is a rule of statutory interpretation that the intention of the legislature controls if it can be reasonably drawn from the language used, to the rejection of a more literal construction which would result in inconsistency or absurdity. To find such intent is the object of all interpretation. A statute will be construed, therefore, with reference to the whole system of which it is a part, and all statutes which relate to the same subject matter, briefly called statutes *in pari materia,* are construed together. They are all compared, and harmonized if possible, to ascertain the legislative intent and to give them effect accordingly.

Other code sections deal with the subject in question. Section 685 of the Code of Civil Procedure provides, in substance, that a judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by a judgment for that purpose founded upon supplementary pleadings; but nothing in this section is construed to revive a judgment for the recovery of money which shall have been barred by limitation.

Section 2911 of the Civil Code declares that a lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.

By section 336 of the Code of Civil Procedure an action upon a judgment or decree must be commenced within five years.

[2] Reading all the sections together it appears manifest that the lien attaching to specific property by virtue of a judgment is extinguished and ceases to exist at the end of five years from the docketing of such judgment unless the latter has been kept alive and is enforceable. A judgment becomes a lien simply by force of the statute, and depends for its existence upon the statute. It ceases to operate as a lien five years after rendition where no valid execution has been issued within that time, it being only enforceable as long as the debt remains a valid and enforceable obligation. [3] A purchaser, therefore, from a judgment debtor after the expiration of five years from the entry or docketing of the judgment, or such other period of limitation as the statute may prescribe, takes the land discharged from the lien unless it has been preserved by some exception in the statute.

For the reasons given we are of the opinion that the demurrer was properly sustained.

The judgment is affirmed.

Knight, J., and St. Sure, J., concurred.