[Crim. No. 1851. First Appellate District, Division One.—September 20, 1935.]

In the Matter of the Application of FRANK McKEON for a Writ of Habeas Corpus.

Samuel T. Bush and Bertram H. Ross for Petitioner.

Matthew Brady, District Attorney, and Arthur W. Jonas, Assistant District Attorney, for Respondent.

TYLER, P. J.—Petitioner was charged with violating ordinance No. 3.0412 of the city and county of San Francisco relating to the payment of an inspection fee in the handling and sale of foodstuffs for human consumption. It appeared at the trial that petitioner was engaged in the retail butcher business in San Francisco; that his premises had been inspected by the board of health, and though demand had been made upon him for payment of the inspection fee of $6, the amount provided for in the ordinance, he had refused to pay the same. The court found him guilty as charged and imposed a fine of $25 or an alternative of five days in the county jail. Petitioner appealed his conviction to the appellate division of the superior court, contending that the ordinance fixing the fee was illegal, unconstitutional, discriminatory and in violation of the federal and state Constitutions, and in direct conflict with the municipal charter. He also contended that the ordinance does not license nor provide for any specific type of inspection and that it is clearly and avowedly a revenue measure. The ordinance in question, among other things, provides in substance that for the purpose of defraying the cost of regulation and inspection of the premises of any person, firm or corporation engaged in the conduct or operation of the handling, manufacturing or sale of foodstuffs, with certain specified exceptions, a fee of $6 per annum shall be imposed.

The main contention of petitioner is that said ordinance is in direct conflict with section 24 of the charter of the city and county of San Francisco under the provisions of which the ordinance was adopted. ·This section empowers the supervisors to regulate by ordinance the issuance of licenses or permits for the operation of businesses which affect the health and certain other conditions of the city and county, It provides that such ordinances shall fix the fees to be charged, which shall not be less than the cost of regulation and inspection. It further provides that the ordinance shall specify the department to make the necessary examination and inspection before acting upon the application for a permit. It also contains an excepting clause to the effect that no license tax shall be imposed on any seller or manufacturer of goods, wares or merchandise operating at a fixed place of business such as requires permits or licenses in accordance

with or under authority of any local health, sanitary or other ordinance under the police power. In support of the claim that the ordinance is in direct conflict with the charter, it is urged that it does not provide for the issuance of any license, nor does it designate any department to receive formal application or to issue permits, and that it fails in an attempt to carry into effect the provisions of the charter as it cannot be ascertained therefrom whether the same places a charge for inspection with relation to health, fire prevention or other classifications contained in the charter, and that each of these classifications comes under the jurisdiction of a separate department of the municipal government. It is further urged that the ordinance does not license nor does it provide for any specific type of inspection, and it is clearly and avowedly a revenue measure.

In the complaint filed against petitioner it was alleged that he was engaged in the business of the handling and sale of foodstuffs for human consumption in the premises described which were subject to inspection by the board of health pursuant to ordinance 2917 (new series), and that he wilfully and unlawfully maintained such business in said premises without payment to the tax collector of the inspection fee provided by ordinance No. 3.0412. Ordinance 2917 (new series), relating to inspection of premises, was adopted in 1914 as an ordinance regulating the manufacture, handling, care and sale of foodstuffs. This ordinance remained in force after the adoption of the new charter. The theory upon which the case was tried was that the two ordinances were to be read together as laws *in pari materia;* that ordinance 2917 (new series) is to be invoked as primary authority for requiring inspection by the board of health and making the maintenance of the premises for the sale of foodstuffs dependent upon the issuance of the official certificate, while the inspection fee therefor and the provisions for enforcement of payment are established by the inspection fee ordinance 3.0412.

The appellate division of the superior court concluded that the trial court properly held the two ordinances, relating as they do to the same general subject-matter and forming parts of one scheme of legislation, though adopted at different times, constituted a well-rounded sanitary regulation, each constituent supplementing the other. We are of the opinion that

the ordinances being *in pari materia* were properly construed.
■ Ordinances on the same subject-matter must be construed together, although they are enacted at different times and contain no reference to one another (*McGrath* v. *Kaelin,* 66 Cal. App. 41 [225 Pac. 34] ; 59 Cor. Jur., p. 1042), and this is particularly so in the construction of statutes relating to revenue and taxation. (*Old Homestead Bakery, Inc.,* v. *Marsh,* 75 Cal. App. 247 [242 Pac. 749].) Thus construed, they are not violative of section 24 of the charter. As the court below held, the charter provision empowers the supervisors to regulate by ordinance the issuance of licenses or permits for the operation of businesses which affect the health and certain other conditions of the city. It also provides that the ordinance shall fix the fee to be charged, which shall not be less than the cost to the city of regulation and inspection. Ordinance 2917 (new series) provides that upon application the board of health shall inspect the business premises to ascertain whether they are sanitary and to issue a certificate, and ordinance No. 3.0412 provides for the amount of the fee.

■ Petitioner compares section 24 of the new charter with the corresponding section of the old charter and argues that there is no substantial variance in the clauses therein relative to the restraint against imposition of a license tax upon a "seller or manufacturer of goods, wares or merchandise operating at a fixed place of business in the city and county", and petitioner directs our attention to the cases of *In re Hadeler,* 61 Cal. App. 630 [215 Pac. 562], and *John Rapp & Son* v. *Kiel,* 159 Cal. 702 [115 Pac. 651], which he claims make it clear that no license charge or tax of any kind should be imposed on any person selling or manufacturing goods, wares or merchandise at a fixed place of business. It is true that in the Hadeler case it was held the board of supervisors had no power to impose upon keepers of grocery stores a license tax, charge or fee for the purpose of defraying the cost of making an inspection of the premises to determine whether they were sanitary, and an ordinance providing for the imposition of such a fee and its collection by the board of health as a condition to the issuance of a certificate was an unauthorized enactment. In the Rapp case it was held that under the provisions of the charter prohibiting the

board of supervisors from imposing a license tax "upon any person who, at any fixed place of business in the city and county, sells or manufactures goods, wares or merchandise, except such as require permits from the board of police commissioners", the supervisors had no authority to impose any license charge, fee or tax of any kind either for the purpose of regulation or revenue upon any person who, at a fixed place of business, sold certain character of liquors in certain quantities. Both of these cases were decided under provisions of the old charter. As pointed out in the Hadeler case, the conduct of the grocery business did not require the consent of the police commission and hence no license fee legally could be imposed. Likewise, in the Rapp case no permit from the police commissioners was required for sales of liquor in quantities exceeding a quart and not to be drunk upon the premises. In section 24 of the new charter the wording is: "No license tax shall be imposed on any seller . . . operating at a fixed place of business . . . except such as require permits or licenses in accordance with or under authority of any local health, sanitary or other ordinance under the police power." Under the old charter the qualifying clause read: " . . . except such as require permits from the Board of Police Commissioners as provided in the Charter." (Subd. 15, sec. 1, chap. 2, art. II.) It thus appears that under the old charter no license tax for regulation or revenue could have been imposed on the conduct of a business subject to inspection under ordinance 2917 (new series), but under the new charter a regulatory or inspection fee is expressly allowable in the administration of a health or sanitary ordinance. Neither of the cited cases is controlling.

The writ is discharged and petitioner is remanded.

Knight, J., and Cashin, J., concurred.