## In re WEST BEVERLY CORPORATION.

## CHEEK v. DIVISION OF LABOR LAW ENFORCEMENT, STATE OF CALIFORNIA.

### No. 11762.

Circuit Court of Appeals, Ninth Circuit.

March 4, 1948.

Francis F. Quittner, John M. Dvorin, and Robert H. Shutan, all of Los Angeles, Cal., for appellant.

Pauline Nightingale and Edward M. Belasco, Attys., Division of Labor Law Enforcement, both of Los Angeles, Cal., for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

The question here is whether or not a California statute, § 1204, Cal.Code Civil Procedure, operates to give to wage claimants liens which survive bankruptcy by virtue of § 67, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b.

On October 2, 1945, the bankrupt made a general assignment for the benefit of its creditors. On January 1, 1946, the bankruptcy proceeding was instituted by the filing of an involuntary petition. The two laborers whose rights are in dispute had performed personal services for the bankrupt within the period of 90 days preceding the general assignment. These employees, through the State Division of Labor Law Enforcement, filed with the assignee formal written notice claiming labor liens pursuant to the state statute, one claim being for $200, the other for $82.50. When the claims were filed the assignee had on hand sufficient assets to pay them, which assets he later surrendered to the trustee.

Upon intervention of the bankruptcy proceeding the state agency made formal claim to statutory liens on account of the amounts owing these laborers, but the referee allowed them only as general unsecured claims. Parenthetically we may observe that appellee does not dispute this classification if it is without lien rights, that is to say it does not claim the benefit of § 64, sub. a(2), of the Act, which gives priority to wages earned within three months before the commencement of the bankruptcy proceeding, cf. Strom v. Peikes, 2 Cir., 123 F.2d 1003, 138 A.L.R. 937. The referee's decision was reversed on review by the court, and the trustee appeals.

The material provisions of the state statute are shown on the margin.[1] Prior to an

---

[1] "When any assignment * * * is made for the benefit of creditors of the assignor * * * the wages and salaries of minors, mechanics, salesmen, servants, clerks, laborers, and other persons, for personal services rendered such assignor, * * * within 90 days prior to such assignment, * * * and not exceeding two hundred dollars ($200) each, constitute preferred claims and liens as

amendment made in 1945 this law provided only a preference in favor of claims for personal services, but in the year mentioned the language which we have italicized was interpolated with the obvious purpose of raising the preference to the dignity of a lien upon the assets coming into the hands of the assignee. The position of the trustee, which was likewise the basis of the referee's ruling, is that the amendment did not effectuate that purpose, in the sense, at any rate, of § 67, sub. a(2), of the bankruptcy law. The primary argument in support of the position taken is that the lien could come into being only upon the making of a general assignment, and when, upon the filing of the bankruptcy petition, the general assignment was voided, the lien fell with the assignment.

By § 67, sub. a(1), of the Act Congress provided that every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process within four months before the filing of a petition in bankruptcy shall, under conditions not material to state here, be deemed to be null and void. But it further provided, in subdivision b of the section, that "statutory liens in favor of employees * * * created * * * by the laws * * * of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy * * *."

The California legislature has done what it could to provide liens for the protection of laborers in cases like this. The essential attributes of a lien are present here. But some of the reported decisions cast doubt upon the view that such a lien survives bankruptcy. Cf. City of Dallas v. Ryan, 5

Cir., 62 F.2d 959; In the Matter of Ko-Ed Tavern, Inc., 3 Cir., 129 F.2d 806, 142 A.L.R. 357. In the Ko-Ed Tavern case, however, the court had at hand a decision of the state court (New Jersey) holding that the state statute failed to create a lien. To date the California courts have not spoken on the effect of the local statute.

On the other side, In re Bennett, 6 Cir., 153 F. 673, is squarely contra to the view that a preference or lien created by a state insolvency statute, and which arises upon the making of an assignment for creditors, is voided by bankruptcy. Judge Lurton's opinion in that case was commented upon with apparent approval by the Supreme Court in Globe Bank & Trust Co. v. Martin, 236 U.S. 288, 35 S.Ct. 377, 59 L.Ed. 583. It holds that a preference or lien so created survives and is recognized in bankruptcy.

Two recent decisions of the Second Circuit, Strom v. Peikes, 123 F.2d 1003, 138 A.L.R. 937, and Halpert v. Industrial Commissioner of New York, 147 F.2d 375, are in point and we read both as supporting the disposition made of this case below. The trustee himself relies on the first of these decisions, Strom v. Peikes, as supporting his position, but there the state statute provided for no more than a preference for wage claims upon the making of an assignment for the benefit of creditors. No lien was attempted to be created. There is in the opinion no suggestion of the thought that if a lien had in fact been given it would have been ineffective in the bankruptcy proceeding which ensued. The whole reasoning of the opinion, indeed, is to the contrary. In Halpert v. Industrial Commissioner the state statute created liens securing awards of compensation in favor of workmen without any requirement in re-

between creditors of the debtor, and must be paid by the trustee, assignee or receiver before the claim of any other creditor of the assignor, insolvent, or debtor whose property is so turned over, and must be paid as soon as the money with which to pay same becomes available. * * * The trustee, receiver or assignee * * * shall have the right to require sworn claims to be presented and shall have the right to refuse to pay any such preferred claim, either in whole or in part, if he has reasonable

cause to believe that such claim is not valid but must pay any part thereof that is not disputed * * *.

"This section is binding upon all the courts of this State and in all receivership actions the court must order the receiver to pay promptly out of the first receipts and earnings of the receivership, after paying the current operating expenses, such preferred labor claims and such liens." Section 1204, Cal.Code Civil Procedure. [Emphasis supplied.]

spect of their being made matters of public record. The court thought that the statute effected a lien, and not merely a preference as had been the case in Strom v. Peikes. It held the lien valid and enforcible against the trustee in bankruptcy.

Liens having the aim of the one before us are just and are eminently suited to the necessities of the situations in which they are provided. They should be recognized if they come, as this one does, within the spirit and fairly within the letter of the Bankruptcy Act. We conclude that the judgment of the district court giving effect to appellee's lien claims is right and should be affirmed.

Affirmed.