128 Cal.App.2d 284 (1954)
Estate of WILLIAM HENRY MULDOON, Deceased. UNITED STATES OF AMERICA, Appellant,
v.
HAROLD J. BODE, as Executor, etc., Respondent.
Civ. No. 16079. 
California Court of Appeals. First Dist., Div. Two. 
Oct. 25, 1954.
 Lloyd H. Burke, United States Attorney, Charles Elmer Collett, Assistant United States Attorney, and Dan S. Morrison, Attorney, Office of Regional Counsel, Internal Revenue Service, for Appellant.
 Bradford Bosley and Nathan Cohn for Respondent.
 DOOLING, J.
 Appellant, United States of America, has tax claims against the decedent aggregating $2,616.24. The estate is insolvent. Over appellant's objection to the executor's *285 account the probate judge gave the executor credit for $667.33 for expenses of decedent's last illness paid by him. This left a balance of only $2,084.89 available for the payment of appellant's claims.
 Section 191, title 31, United States Code, Revised Statutes, contains the following provisions: "... whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied. ..."
 Probate Code, section 950, purports to give preference to expenses of last illness over debts having preference by the laws of the United States. However if the federal and state statutes are inconsistent in this particular the statutory preference given to debts due the United States by its statute is paramount. (United States v. Oklahoma, 261 U.S. 253, 260 [43 S.Ct. 295, 67 L.Ed. 638]; United States v. Division of Labor Law Enforcement, 201 F.2d 857, 860.)
 [1a] The only question is whether expenses of the last illness are debts of the decedent. The simple and self-evident test is whether if the decedent had recovered from his illness he would have been personally liable for the payment of these obligations. [2] The general rule is that a patient is liable upon express or implied contract for medical services rendered to him. (70 C.J.S., Physicians and Surgeons, 68a, p. 1023; 41 Am.Jur., Physicians and Surgeons, 141, 142, pp. 255, 256.) [1b] By this test expenses of the last illness are debts of the decedent within the federal statute, and such has been the consistent holding of those courts which have passed upon the precise question. (Postmaster General v. Robbins, 1 Ware 163 [Cas. No. 11,314, p. 1126 at p. 1127]; United States v. Eggleston, 4 Sawy. 199 [Cas. No. 15,027, p. 979 at p. 981]; Smith Estate, 18 Lehigh Co. L.J. (Pa.) 197; Gobrecht's Estate, 47 Pa. Dist. & Co. Cts., 134, 136.)
 Respondent cites Estate of Jacobs, 61 Cal.App.2d 152 [142 P.2d 454]. This case can not help him. In it we reconciled two state statutes and concluded that expenses of the last illness had priority over a particular state tax. But here the federal statute must prevail.
 Order reversed with directions to settle the account in accordance with this opinion.
 Nourse, P. J., and Kaufman, J., concurred.