[Civ. No. 14553. Second Dist., Div. Three. Feb. 19, 1945.]

Estate of ROSA REISS, Deceased. MOSES JOSEPH REISS et al., Appellants, v. BERNARD REISS et al., Respondents.

Mark F. Jones and Sydney Tannen in pro. per. and W. L. Engelhardt for Appellants.

Bordon & Bordon, Nixon A. Lange and Swaffield, Swaffield & Madden for Respondents.

FOX, J. pro tem.—This is a motion to dismiss the appeal on the ground, among others, that the matter is moot.

Petitioners, Mark F. Jones and Sidney Tannen, filed a petition seeking compensation from the assets of the estate of Rosa Reiss for services alleged to have been rendered by them in the preservation of the assets of said estate. They had represented Moses Reiss, a son of decedent, not as executor or administrator, but as one of the heirs, in certain litigation involving the property of Rosa Reiss (see *Reiss* v. *Reiss* (1941), 45 Cal. App.2d 740 [114 P.2d 718]), and in the probate proceedings. During the hearing Moses Reiss, with permission of the court, joined in the petition. The petition, however, was denied. Petitioners have appealed from the order of denial.

The said Moses Reiss (and his wife, Jeta), had entered into an agreement with petitioners Jones and Tannen (attorneys) to pay them for their legal services on his behalf 50 per cent of any and all property he "may receive" from the estate of his mother (Rosa Reiss), and to secure said petitioners in the payment of their fees he (and his wife) assigned to them an undivided 50 per cent interest in his share in his mother's estate.

At the time the petition of Jones and Tannen for compensation from the assets of the estate came before the court there was also before the court for its consideration and determination another petition, pursuant to the provisions of section 1020.1 of the Probate Code, by said Jones and Tannen for inquiry into the consideration of the said assignment of Moses Reiss (and his wife) to said attorneys with a prayer that said assignment be approved and that the court order the distribution to said attorneys of a one-sixth interest in the said estate. The assignment was approved and said petition granted.

At this same session the court also heard the final account and petition for distribution of Max Reiss as administrator of said estate and likewise heard the objections of petitioners thereto. The court settled the final account and ordered distribution of the estate which showed an appraised value of $35,050.27, one-sixth of which was ordered distributed to peti-

tioners Jones and Tannen pursuant to the aforesaid assignment to them by Moses Reiss. The formal order and decree was signed by the judge May 25, 1943, and entered in the book of Probate Judgments on June 3, 1943. No appeal was taken from said order and decree, nor from any part thereof, and the same became final. The administrator, Max Reiss, after said decree became final, distributed the assets of said estate in compliance with it, and on September 15, 1943, filed his affidavit for final discharge as such administrator and the court thereupon made its order discharging him as such administrator.

As previously noted petitioners sought compensation from the assets of the estate of Rosa Reiss, for services alleged to have been rendered by them in the preservation of the assets of said estate. The relief sought by such a petition is in rem in character. (*Warren* v. *Ellis* (1919), 39 Cal.App. 542, 547 [179 P. 544].) No in personam judgment is sought. The fund, however, from which petitioners seek payment, no longer exists. It has been distributed pursuant to a decree of distribution which has become final. The probate court has therefore lost jurisdiction over said property. On this question the court said, in the *Estate of Baird* (1919), 181 Cal. 742, 744 [186 P. 351], that: "Upon the making of a decree distributing the estate of a decedent, or a part thereof, the court in probate loses jurisdiction of that property, except so far as may be necessary to compel the executor or administrator to obey the decree and deliver the property to the distributee." In *Aronson* v. *Bank of America* (1941), 42 Cal.App.2d 710 [109 P.2d 1001], the court observed (pp. 717-718) that: "it has been held that the decree of distribution . . . is intended to be a final disposition of the entire estate, so that nothing remains for the court to act upon. . . . " In the article on Executors and Administrators in 11A California Jurisprudence, section 65, pages 125-126, it is said that "By such decree the property is invested in the distributee, withdrawn from administration, and put beyond the control of the probate court. The court has no power thereafter to order it sold, or applied to the payment of costs or expenses." (See, also, to the same effect, Executors and Administrators, 11 Cal. Jur., § 39, pp. 257-258 and 11B Cal.Jur., § 1289, pp. 785-786, and cases there cited.)

Since the property out of which petitioners seek com-

pensation is no longer under the jurisdiction of the probate court any further consideration of said petition by said court would be utterly useless because no effective order could be made. The matters involved in said petition have become moot and the appeal from the order denying said petition should be dismissed. (Appeal and Error, 2 Cal.Jur., § 437, pp. 749-750; § 580, pp. 981-982; vol. 1, Cal.Jur. 10-Yr. Supp., § 437, pp. 465-468, and cases there cited.)

The motion to dismiss the appeal from the order denying said petition is granted and said appeal is dismissed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.