# IN THE MATTER OF THE ESTATE OF JEAN GARRAUD, DECEASED.

EFFECT OF FINAL DECREE OF DISTRIBUTION OF AN ESTATE BY PROBATE COURT.— A final decree of the Probate Court making distribution of an entire estate is, until reversed or modified on appeal, an investiture of the absolute right and title to the same in the distributees; and a further order of the Court making a different disposition of a portion of the estate, made pending an appeal which was perfected from said final decree, is void.

APPEAL from the Probate Court of the City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* for Appellant.

The appeal from the decree of distribution suspended the power of the Probate Court to make the order in question, or if not, then the estate was distributed to the widow, who was also executrix, and the Court could not compel her to refund it. (*McGarrahan* v. *Maxwell*, 28 Cal. 75; *Thornton* v. *Mahony*, 24 Cal. 569.)

*George B. Merrill*, for Respondent.

The appeal from the order of distribution, the bond having been waived, operated simply as a stay of proceedings under that order.

The order now appealed from was made in accordance with section two hundred and ninety-five of the "Act to regulate the settlement of the estates of deceased persons," which provides that "a reasonable compensation may be allowed out of the estate to such attorney * * * for the services he may have rendered."

The order could not be made before the order of distribution, nor be included in it, because the services had not been rendered. It could not, of necessity, be made until after the order of distribution appealed from. But it certainly could be made at some time.

By the Court, SPRAGUE, J.:

This is an appeal from an order of the Probate Court directing payment by the executrix, out of the funds of the estate, of an allowance made by the Court to an attorney theretofore appointed by the Court to represent the interests of infant and absent heirs in the progress of administration and settlement of such estate.

The facts, as disclosed by the record in this case, are substantially as follows: On presentation to the Probate Court of the last will and testament of Jean Garraud, deceased, for probate, on petition of the executrix, Justine Garraud, and it appearing to the Court that there were minors and persons

residing out of the county who were interested in the estate, to wit: Alex. and Gabriel Garraud, infant children of the deceased, residing in the said county, and Louis Garraud, son of said deceased, residing in the County of Calaveras— the Court appointed George B. Merrill, an attorney of the Court, an attorney to represent said minors and absentee, and all other persons interested in said estate. That, in pursuance of such appointment, Merrill appeared and acted as the attorney and in behalf of said minor children during the administration of the estate. That subsequently the executrix filed the petition for distribution of the whole estate to herself as the sole devisee under the will; whereupon Merrill, on the same day, in behalf of said infant heirs, filed a petition in opposition to the petition of the executrix, and asking that distribution be made to the minor heirs of their respective shares. The hearing of both said petitions was had at the same time, when the executrix offered to prove by parol evidence that the testator omitted intentionally to provide for his said minor children in his will. Merrill, in behalf of such infant heirs, objected to such evidence; whereupon, after argument by counsel of the executrix, and Merrill in behalf of the infant children, the Court admitted the evidence, and made an order distributing the whole estate to the executrix. From this order Merrill, as the attorney and in behalf of the infant heirs, appealed to this Court, and prosecuted the appeal in person to a final submission of the cause to the Court on briefs. Subsequently, and before the final determination of the cause in this Court, Merrill, on petition to the Probate Court, obtained an order granting to him an allowance for personal services, expenses, and costs advanced in the prosecution of the appeal, and directing the executrix to pay the same in gold coin out of the funds of the estate in her hands; and from this order comes the present appeal by the executrix.

The former order of the Probate Court, distributing the entire estate to the executrix as sole devisee under the will, was the final order of the Court in the matter of the estate,

and its effect, unless subsequently modified or reversed on appeal, was a final disposition of all the funds of the estate, and an investiture of the absolute right and title thereto in the executrix as sole devisee; nothing of the estate remained for the Court to act upon. An appeal from that order, duly perfected, suspended and stayed its vital force and effect; and, pending such appeal, no action could be taken by the Court below for the enforcement of the order, or upon any subject matter embraced therein. The subject matter of that order, from which an appeal was pending at the time this subsequent order now under consideration was made, was the money belonging to the estate then subject to distribution by order of the Court. This subsequent order, if effectual for any purpose, operates upon the same subject matter as the former order, and disposes of a portion thereof in direct conflict with the former order, and is, therefore, null and void for want of jurisdiction of the Court at the time it was made.

Had the former order, on appeal, been unconditionally affirmed, the absolute title and right of possession of the property distributed to the executrix would have been confirmed to her beyond the reach of the Probate Court. But it would undoubtedly have been competent for the appellate Court, under its general powers and section three hundred and two of the Probate Act, instead of unconditional affirmance of the order, to have directed the Court below to so modify the same as to provide for the payment, out of the funds of the estate, of all proper allowances under section two hundred and ninety-five of the Probate Act, and costs in behalf of the infant heirs.

A reversal of the order on appeal, without direction of the appellate Court controlling the subsequent action of the Court below, would have left the funds of the estate in the precise condition they were prior to the entry of the original order of distribution, within and subject to the jurisdiction

and control of the Probate Court, and liable to be reached by such an order as is now under consideration.

Order reversed and cause remanded.

Mr. Chief Justice SAWYER and Mr. Justice SANDERSON expressed no opinion.