[S. F. 2716.   Department Two. — October 11, 1901.]

In the Matter of the Estate of MORRIS FREUD, Deceased. WARNER BROTHERS COMPANY, Appellant. TINY FREUD, Respondent.

ESTATES OF DECEASED PERSONS — PARTIAL DISTRIBUTION — PETITION BY WIDOW — CONTINUANCE — APPEAL FROM JUDGMENT — ESTOPPEL. — Upon petition by the widow for partial distribution of real property of her deceased husband, alleging that the property was community property, and that under the will she had a life estate in the interest devisable by her husband, an application for a continuance by a grantee of one of the devisees, on the ground that an appeal was pending from a judgment adjudging that she had only a life estate in the entire property, in an action brought by such grantee to cause the executrix widow and other devisees to make redemption of such real property from a sale under the foreclosure of a mortgage thereupon, or be forever barred from such right, was properly denied. Such judgment, if it should be affirmed, could not be pleaded or admitted in evidence as an estoppel upon the widow to claim more than a life estate upon distribution of the estate.

ID. — ACTION TO FORECLOSE RIGHT OF REDEMPTION — TITLE INCIDENTALLY INVOLVED. — In the action to compel redemption, or a foreclosure of the right of the defendants to redeem the property, the respective rights of the parties in the property were only incidentally involved. The executrix could make the redemption to protect the estate, and where she did so, the judgment fixing the rights of the devisees to contribute toward the redemption could not be a conclusive adjudication of their respective interests in the property of the estate.

ID. — EXCLUSIVE JURISDICTION OVER ESTATE. — The court, in the action to foreclose the right of redemption, had no jurisdiction to determine the matter involved in a distribution of the estate of the decedent. The court, having probate jurisdiction over the estate, has exclusive jurisdiction over the question of distribution thereof, and to determine the interests of the distributees in the property distributed.

ID. — IMPROPER DECREE OF PARTIAL DISTRIBUTION — ORDER OF SALE — APPEAL. — A decree of partial distribution of real property is improper, where the court has ordered such property to be sold to pay debts and the expenses of administration. The fact that such order is suspended by an appeal would not justify a distribution which would defeat the order of sale if it should be affirmed.

APPEAL from a decree of the Superior Court of the City and County of San Francisco making a partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Hart H. North, Henry E. Monroe, and W. B. Treadwell, for Appellant.

W. S. Goodfellow, for Respondent.

TEMPLE, J.—This is an appeal by the grantee of one of the heirs of Morris Freud, deceased, from a decree of partial distribution.  Two points are made: That the court erred,— 1. In refusing a continuance; and 2. In distributing the property in the face of an unexecuted order by the court requiring the sale of the property distributed, to pay debts and expenses of administration.

Morris Freud died testate, and his will, after certain provisions, unimportant here, gave his entire estate to his widow for life, in trust, remainder to his five children.  Appellant has acquired the interest of Jacob Freud, one of the children. The widow presented to the probate court a petition for partial distribution of certain real property, and in her petition averred that the property was community property, and that she had, under the will, a life estate in the interest devisable by her husband.  At the hearing of the petition, the appellant asked for a continuance until the final determination of a case then pending on appeal in the supreme court, in which appellant here was plaintiff, and Tiny Freud, said widow, and others were defendants, "on the ground that in and by the judgment and decree in said action, it was, among other things, determined and adjudged that the interest of said Tiny Freud in and to the real property described in said petition was a life estate only, and that she did not, and does not, own any other interest therein, and that said judgment, pending the appeal therefrom, could not be pleaded or introduced in evidence as an estoppel in this proceeding."

The judgment roll in the case alluded to was read, and the fact of the appeal was admitted.  That action was brought by this appellant, against Mrs. Freud and her four children, other than Jacob, to have the amounts fixed which the several defendants ought to pay, or to contribute toward the redemption from a foreclosure sale of the land here sought to be distributed.

To enable the court to determine the amount which each ought to pay, the plaintiff in that action set out what he assumed to be the interest of each of the parties in the land, the

redemption of which was sought. He averred the former ownership of Morris Freud, deceased; that he died testate; and, among other things, "that, by his last will and testament, the said Morris Freud devised the said lot of land to the defendant Tiny Freud for and during the term of her natural life, and the remainder thereof, after her death, to the defendants," his children, in equal shares. This allegation was not denied by the defendants, and the findings and decree entered incorporated in them the allegation as a fact, and decreed that Tiny Freud owned a life estate in the real property here involved.

In accordance with such finding, the court fixed the amount which each was to pay to effect a redemption. The sum which the appellant would have received to effect the redemption, if one had 'been made by the defendants in that suit, as heirs, was much less than it would have been had Tiny Freud then claimed, and established her claim to, one half the property as survivor of the community. The redemption was in fact made by the executrix for the estate, so that appellant, who had himself redeemed as a devisee, was paid the amount advanced by it, with percentage and costs.

The application for a continuance was properly denied, if from the facts shown it appears that the judgment, when it becomes final, assuming that it may be affirmed, would not estop Tiny Freud and prevent her from claiming more than a life estate. It is clear to me that it could not have that effect. The purpose of the action was to cause the defendants therein named to redeem, or to be forever barred from such right. It was an action to foreclose. The respective rights of the parties in the property were only incidentally involved. A redemption could have been made by the executrix of the estate, as it finally was. We may well suppose that the devisees, not having the means to redeem, would take very little interest in the matter. This illustrates very well the difference between a question incidentally involved and one directly involved, and also why, as to those incidentally involved, the adjudication is conclusive in another suit, based on a different cause of action, only when the matter was actually litigated.

And then the court, in that proceeding, had no jurisdiction to determine the matter involved in a distribution. The probate court has exclusive jurisdiction of that, and cannot be deprived of its power in this way. The exclusive jurisdiction

of that court over these matters was asserted in *Goad* v. *Montgomery*, 119 Cal. 552,[1] and it was so expressly held in *Toland* v. *Earl*, 129 Cal. 148.[2]

I cannot do better upon this proposition than to quote from Van Fleet on Former Adjudication, 3–8. It was said in the *Duchess of Kingston's Case*, 20 How. St. Tr. 353, "that the judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court. . . . The correct principle involved, in my opinion, in the phrase, 'court of concurrent jurisdiction,' was first formulated by a British court sitting in India, as follows: 'In order to make the decision of one court final and conclusive in another, it must be a decision of a court which would have had jurisdiction over the matter in the subsequent suit in which the first decision is put in evidence as conclusive.' This formula has been affirmed twice by the court of Indian appeals. It was also said in the opinion in the *Duchess of Kingston's Case*, by way of illustrating the rule that a decision upon an incidental point, by a court which had no jurisdiction to pass upon it directly, was no evidence in a court which did have such jurisdiction; that if that were not true, then the determination of two justices of the peace upon the fact or validity of a marriage, in adjudging a place of settlement of a pauper, might be offered in evidence, and give the law to the highest criminal court in the kingdom." Other similar illustrations are given by the learned author, but none show the irrationality of the proposition more strikingly than is shown here, where the exclusive jurisdiction of the probate court is attempted to be forestalled by a judgment in a proceeding where the rights of the parties were only incidentally involved. (See also Law of Res Judicata, by Hukm Chand, 1, 391.)

The action was not brought under section 738 of the Code of Civil Procedure. What effect a judgment in a suit to quiet title under that section would have upon the distribution subsequently made in the probate court is not involved.

It is true, the case here is, not that the same court could not have entertained the same proceeding for distribution, but that a special proceeding *in rem* has been provided, in which distribution must be made. But the same reasons would plainly

---

[1] 63 Am. St. Rep. 145.          [2] 79 Am. St. Rep. 100.

exist in this case for refusing to receive a judgment in evidence as *res adjudicata*, as in the case where the first court did not have jurisdiction of the matter involved in the subsequent proceeding.

For these reasons the court did not err in refusing a continuance.

Objection was made to the proposed distribution, on the ground that the court had ordered the very property of which partial distribution was sought, to be sold by the executrix to pay the debts and expenses of administration.

The fact that such an order had been made is recited in the decree of distribution which the court made, notwithstanding the objections. It is there stated that all the parties interested in having the sale made consented to the distribution. But the appellant, who was then in court, and urging the objection, was interested. If the debts exist, they must be paid in some mode, and if this property can be and is allowed to pass out of the estate, other property must be sold. The bond given by the distributee would be no security to other devisees. It has been held that such a decree is mandatory upon the administrator. (*Estate of Spriggs*, 20 Cal. 121; *Halleck* v. *Moss*, 22 Cal. 266.) Such, often, must be the nature of the decree, for it is sometimes procured against the wishes of the personal representative, in the interest of creditors, in the way of collecting their claims.

Although the order of sale had been made, an appeal from it had been taken to this court, and that appeal was pending when this decree was entered. The effect of the decree was suspended by the appeal, but that fact would not justify the probate court in so disposing of the property as to defeat the execution of the decree in case of its affirmance. (*Estate of Garraud*, 36 Cal. 277.)

The order is reversed.

McFarland, J., and Henshaw, J., concurred.