[S. F. No. 8997.   Department One.—December 23, 1919.]

In the Matter of the Estate of DAVID J. BAIRD, Deceased. DAVID J. BAIRD, Jr., a Minor, Appellant, v. VERONICA C. BAIRD et al., etc., Respondents.

[1] ESTATES OF DECEASED PERSONS—DISTRIBUTION—LOSS OF JURISDICTION.—Upon the making of a decree distributing the estate of a decedent, or a part thereof, the court in probate loses jurisdiction of that property, except so far as may be necessary to compel the executor or administrator to obey the decree and deliver the property to the distributee, and except in such proceedings as it might lawfully entertain in the way of a review, such as a motion for a new trial, or a motion under section 473 of the Code of Civil Procedure to vacate the decree on the ground that it was made through mistake, inadvertence, or excusable neglect.

[2] ID.—ORDER OF SALE OF DISTRIBUTED PROPERTY—LACK OF JURISDICTION.—The court in probate after the making of a decree of distribution has no authority to make an order authorizing the executor to sell the property distributed.

[3] ID.—PENDENCY OF ACTION DURING APPEAL—RULE NOT AFFECTED BY CODE PROVISION.—The rule that the court in probate loses jurisdiction of distributed property upon the making of the decree is not affected by section 1049 of the Code of Civil Procedure declar-

ing that an action is deemed to be pending until its final determination on appeal, or until the time for appeal has passed.

[4] ID.—APPEAL FROM DECREE OF DISTRIBUTION—EFFECT UPON PROCEEDINGS FOR SALE.—An appeal from a decree of distribution taken after the making of an order of sale does not restore jurisdiction to the superior court, or impart validity to the order, but merely transfers to the appellate court, during the pendency of the appeal, jurisdiction of the distribution ordered, and if that order be affirmed, the proceeding for the sale would necessarily lapse, and if it should be reversed, the jurisdiction of the superior court over the proceeding to sell, which was suspended during the time of the pendency of the appeal from the decree of distribution, would be revived, and the court would then have authority to proceed with the matter of sale.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing a sale of real property of the estate of a deceased person. George A. Sturtevant, Judge. Reversed.

The facts are stated in the opinion of the court.

C. M. Fickert and E. A. Cunha for Appellant.

Vogelsang & Brown, Mastick & Partridge and Stafford & Stafford for Respondents.

SHAW, J.—This is an appeal by David Jennings Baird from an order for the sale of the real property belonging to the decedent.

On April 9, 1914, David Jennings Baird filed a petition in the proceeding for the administration of the estate of David J. Baird, praying for a distribution to him of a part of the property of the estate. He claimed the right thereto on the ground that he was the illegitimate son of the decedent duly legitimated by the decedent in the manner provided in section 230 of the Civil Code. The decedent had no other children and the claimant, if lawfully legitimated, would be the only heir of the decedent. This claim was contested by the next of kin. A trial was had and judgment was given against the claimant. This judgment was reversed on appeal by the supreme court. (*Estate of Baird*, 173 Cal. 617, [160 Pac. 1078].) Thereupon there was a new trial of the matter before a jury. A verdict in favor of the claimant was rendered on November 28,

1917. Upon this verdict a decree distributing to said David Jennings Baird the lands in controversy was made on June 14, 1918.

In the meantime, on May 1, 1918, Brown, as executor, filed a petition for an order authorizing him to sell the said lands, on the ground that such sale would be for the advantage, benefit, and best interest of the estate and of the persons interested. This petition came on for hearing on June 3, 1918, upon objections filed by said claimant and was thereupon submitted for decision. On July 22, 1918, more than a month after the court had made the order distributing the land to said David Jennings Baird, the court made an order authorizing Brown, as executor of said estate, to sell the same land at public auction. The latter is the order appealed from.

[1] Upon the making of a decree distributing the estate of a decedent, or a part thereof, the court in probate loses jurisdiction of that property, except so far as may be necessary to compel the executor or administrator to obey the decree and deliver the property to the distributee. (Code Civ. Proc., secs. 1666, 1697; *Morffew* v. *San Francisco etc. R. Co.,* 107 Cal. 594, [40 Pac. 810]; *Wheeler* v. *Bolton,* 54 Cal. 305; *Buckley* v. *Superior Court,* 102 Cal. 10, [41 Am. St. Rep. 135, 36 Pac. 360]; *Barker* v. *Stanford,* 53 Cal. 455; *More* v. *More,* 133 Cal. 495, [65 Pac. 1044, 66 Pac. 76].) [2] It necessarily follows that the court below, after the making of the decree of distribution, had no authority to order the executor to sell the land distributed, and that the order of sale was erroneous.

[3] This rule is not affected by section 1049 of the Code of Civil Procedure, declaring that an action is deemed to be pending until its final determination upon appeal, or until the time for appeal has passed. By its order the superior court had divested itself of all jurisdiction over the property distributed except in such proceedings as it might lawfully entertain in the way of a review, such as a motion for a new trial, or a motion under section 473 of the Code of Civil Procedure, to vacate the decree on the ground that it was made through mistake, inadvertence or excusable neglect. It had no power to proceed regarding this property in the way of administration.

[4] It appears from our own record that an appeal to this court from the decree of distribution was taken after the making of the order of sale. This did not restore jurisdiction to the superior court, or impart validity to the order of sale. It merely transferred to this court, during the pendency of such appeal, jurisdiction of the distribution ordered. If that order be affirmed, the proceeding for the sale would necessarily lapse. (*Estate of Garraud,* 36 Cal. 280.) If it should be reversed, the jurisdiction of the superior court over the proceeding to sell, which was suspended during the time of the pendency of the appeal from the decree of distribution, would be revived and the court would then have authority to proceed with the matter of the sale.

The order of sale is reversed.

Lawlor, J., and Olney, J., concurred.