[Civ. No. 15781. First Div., Div. Two. Sept. 18, 1953.]

Estate of EDGAR LAURENCE DOW, Deceased. MAXINE PATRICIA HUTCHINSON, Appellant, v. MAXINE B. DOW, Individually and as Administratrix With Will Annexed, Respondent.

William A. White for Appellant.

W. P. Caubu for Respondent.

NOURSE, P. J.—The daughter of deceased Edgar Dow, as an heir at law and as beneficiary under the will moved for orders terminating family allowance, requiring an accounting, and the closing of the administration of the estate. The widow of deceased as administratrix and also as heir to the remaining one-half of the estate opposed the motions. She is also the owner of a claim in the sum of more than $12,000 which has been unpaid and has been drawing interest at the rate of 7 per cent a year since the year 1931. The appellant's claim is that the widow refuses to pay this claim becaue of the favorable interest rate and that she refuses to account or to take proceedings for the closing of the estate in order to continue her family allowance, first fixed at $1,000 a month and reduced in July, 1947, to $500 a month continuing to date and "until further order of the Court." All other claims have long since been paid. All motions were denied (except that payment of interest on the claim of administratrix was suspended as of October 16, 1952) and this appeal followed.

The facts sufficient for the purpose of this opinion are found in the findings of facts which, of course, cannot be controverted by respondent on this appeal. We quote: "The Court finds that there are no matters pending in said estate, other than the payment of a claim asserted by the administratrix in her individual capacity, the settlement and payment of the remaining costs and expenses of administration and the determination and payment of attorneys' fees and commissions of said administratrix and a final accounting by the administratrix; and that it is to the best interests of all parties interested in said estate to immediately close said administration. That said claim of said administratrix has been pending since 1931; that at no time has said administratrix paid upon the principal or interest accruing of said claim any monies at all."

We would be justified in assuming from these facts that conclusions of law granting the motions would follow. But the court summarily concluded that all should be denied.

█ The family allowance should have been terminated as of the date of this motion. The court found that there were no matters pending in said estate other than the payment of this claim, that the administratrix had not paid any part of the claim or of the interest thereon, and "it is to the best interests of all parties interested . . . to immediately close said administration." This being so, why, the appellant asks, has the estate not been closed and the family allowance terminated? Since the court found that there were no matters pending calling for further administration (except respondent's claim and expenses of administration) the continuance of the family allowance should have been denied. On this point the authorities are in accord. In *Estate of Dougherty*, 102 Cal.App.2d 785 [228 P.2d 857], this court, confronted by the same question on analogous facts was compelled to reverse a similar order on the well settled ground that the continuance of such allowance was not a matter of discretion; that, as said in *Estate of Treat*, 162 Cal. 250, 256 [121 P. 1003] : "The determination as to the *time* during which a 'reasonable allowance' shall be paid does not rest in the sound discretion of the court. That time is fixed by the statute, which compels the granting of such an allowance as the court may consider reasonable for such time as may be properly consumed in the settlement of the estate, with the limitation of one year in case of insolvency. (See *In re Dougherty's Estate*, 34 Mont. 336, 343 [86 Pac. 38].)" (See, also, *Estate*

*of Clark,* 96 Cal.App. 243, 247 [274 P. 76] ; *In re Moore,* 72 Cal. 335, 343 [13 P. 880].)

In reversing the order in *Estate of Dougherty* this court said (p. 788) : ''We hold that when it is made to appear that the settlement of the estate is delayed by the act of the widow for the sole purpose of continuing the allowance, and that, by reason of such allowance the estate has become insolvent and unable to pay the legacies under the will, it is a breach of discretion to deny an application to terminate the allowance after 'a reasonable. time within which the estate should be settled.' It was shown at the time these motions were heard on September 29, 1949, that the estate was then ready to be closed and that it would be unable to pay the legacies in full. As of that date the respondent had been paid the allowance since May 30, 1948, a period of 16 months. The motions to terminate the allowance should have been granted effective of the date they were filed.''

Respondent does not controvert any of the foregoing except by the statement of facts outside the record and by the suggestion that the continuance of the family allowance is wholly a matter of discretion. As we have seen the authorities are to the contrary.

The trial court found: ''That on the 22nd day of July, 1952, said administratrix's third account shows the amount of $6,437.38 as cash in bank in behalf of said estate ; that during the month of September, 1952, said administratrix received for and on account of regular and special dividend, declared upon the stock of said estate in said River Farms Company, the amount of $4,958.50. That the market exists for said River Farms stock and a bona fide offer in the amount of $45 per share for any amount up to and including 1,000 shares was made on the 6th day of October, 1952; that the most recent sales of said stock have produced $45 per share. That notwithstanding the fact that said administratrix had in her hand monies received from the said dividends as aforesaid, said administratrix did not pay any of said monies on the payment of her said claim on which interest has been accruing since 1931.'' This finding fully supports appellant's position that funds were available in the hands of the administratrix to pay her claim in part and that she held stocks in the River Farms Company for which she had ''a bona fide offer in the amount of $45 per share for any amount up to and including 1,000 shares.''

■ No reason is shown in the findings, and none is given by respondent, why this offer was not accepted other than her statement that she anticipates that the stock will reach a greater value. This of course is no reason for depriving appellant of her distributive share in the stock. The appellant, as one of the heirs, had the right under section 758 of the Probate Code to demand that such a sale be made. The trial court found that an advantageous sale could be made sufficient to clear all indebtedness and to close the estate. Settlement of the estate has been delayed for a period of 22 years during which time the administratrix has received large sums in family allowances. The appellant, though an heir to one-half of the estate has received nothing. Under the terms of section 758 of the Probate Code she was entitled to demand that the sale be made. The findings of facts all support her claim of the necessity of such an order. Respondent has not made any valid defense to that claim.

The portion of the order appealed from is reversed and, on the return of the remittitur herein, the court is directed to enter its order terminating the allowance as of the date the motion was made and directing the administratrix to sell sufficient of the assets of the estate to pay all claims and costs of administration within a period of six months from the date of the remittitur, and that, in default thereof, the administratrix be removed from her office and another administrator be appointed to close the estate.

Goodell, J., and Dooling, J., concurred.