[Civ. No. 17056.   First Dist., Div. One.   Mar. 11, 1957.]

Estate of EDGAR LAURENCE DOW, Deceased. MAXINE PATRICIA HUTCHINSON, Appellant, v. MAXINE B. DOW, Individually and as Administratrix With the Will Annexed, Respondent.

William A. White and Hutchinson & Quattrin for Appellant.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Joseph L. Alioto for Respondent.

BRAY, J.—Appellant appeals from an order respecting the record in *Estate of Dow, No. 17055*[1] refusing (1) to limit the record and (2) to vacate the estimate of costs on appeal by eliminating therefrom (a) exhibits transcribed at the request of respondent and (b) prior testimony requested by respondent of seven attorneys, respecting fees, as to whose allowances there is now no appeal.

As to (2) (b), the attorneys for respondent conceded at oral argument that under Rules of Appeal 5 (b) respondent is responsible therefor and that appellant having paid therefor should be reimbursed the cost thereof, $125. They agreed to personally make such reimbursement. Therefore we need consider this matter no further.

[1]This day decided, *ante*, p. 47 [308 P.2d 475].

Appellant's notice of appeal from the decree of distribution was filed February 2, 1955. On February 9 she filed a request for a reporter's transcript which apparently was not to include the testimony of the attorneys above mentioned. On February 16, naturally assuming from the fact that as appellant had appealed from the entire decree including the "fixing of attorneys' fees and costs, and for additional compensation for extraordinary services rendered by administratrix with the will annexed, and her attorneys," that appellant was attacking the awards therein to the seven sets of attorneys, respondent on February 16 requested that the testimony of said attorneys as to the services rendered the estate by them be included in the transcript. February 21, the clerk sent appellant's attorneys an estimate of the cost of preparing the transcript on appeal, which included the cost of transcribing said testimony, the latter being $452.70. February 23, appellant filed a request for correction of transcript. It was set for hearing March 8. March 16 appellant filed an amended notice of appeal withdrawing her appeal as to certain portions of the decree including those portions allowing fees to said attorneys.[2] On April 28, a minute order was entered denying "the motion to vacate estimate cost of preparing the Clerk's and Reporter's Transcript on appeal made on the 21st day of February, 1955."[3]

■ No transcript of the proceedings on March 8 appears in the record. As, at that time, appellant's appeal was still from the entire decree of distribution, the court properly refused to eliminate the requested testimony from the transcript and its cost from the estimate.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

---

[2] See *Dow* v. *Superior Court,* 140 Cal.App.2d 399, 404 [297 P.2d 30], for statement of portions of the decree as to which the appeal was abandoned and the effect of such abandonment.

[3] Evidently this date is in error, as appellant's notice was not filed until February 23 and was to be heard on March 8.