[Civ. No. 17057.   First Dist., Div. One.   Mar. 11, 1957.]

Estate of EDGAR LAURENCE DOW, Deceased.   MAXINE
   PATRICIA HUTCHINSON, Respondent, v. MAXINE
   B. DOW, Individually and as Administratrix With the
   Will Annexed, etc., Appellant.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein,
Goldstein, Barceloux & Goldstein and Joseph L. Alioto for
Appellant.

William A. White and Hutchinson & Quattrin for Respondent.

BRAY, J.—After the decree of distribution was entered
and after respondent appealed from certain portions thereof[1]
respondent petitioned the probate court for orders ''(1) Directing Administratrix to satisfy and comply with the portions
of the decree of final distribution which have become final,
(2) Directing a further accounting by Administratrix, (3)
For revocation of the Letters of Administration of Maxine B.
Dow, heretofore issued, and (4) Appointing a qualified and
disinterested Administrator with the Will Annexed.'' Appel-

[1]See *Estate of Dow, No. 17055*, this day filed, *ante*, p. 47 [308 P.2d
475].

lant appeals from the order dated September 7, 1955, issued on said petition. In that order the court "made certain findings and ordered Maxine Dow, forthwith and in all events on or before September 17, 1955: (1) as administratrix, (a) to pay to the persons named in the order the amounts set opposite their names [compensation for professional services rendered to the estate; each in the amount of the award, except that as to one person the amount was increased by $350 by way of compromise and dismissal of his appeal and as to another a reduction in the amount of $750 in response to his wish for prompt payment], aggregating $10,300; (b) to convey to Maxine Hutchinson, as devisee, her undivided one-half interest in the estate's undivided interest in certain real property known as the Mayflower Mine; (c) to deliver to Maxine Hutchinson, 2,200 shares of the stock of River Farms Company, from the 4,758.5 shares held by the estate [partial distribution of the distributee's one-half interest in all the shares awarded by the decree]; and (2) personally, not as administratrix, (a) to pay Maxine Hutchinson's costs on appeal in 120 Cal.App.2d 296 [260 P.2d 970], and (b) to refund to the estate the money which she had paid out of estate funds in the appeal in 120 Cal.App.2d 296 [260 P.2d 970]. Each of these directions to pay, convey or deliver pertained to an order or award which was no longer subject to appeal and had become final." (*Dow* v. *Superior Court,* 140 Cal.App.2d 399, 405 [297 P.2d 30].)

Appellant contends in effect that an appeal from a portion of the decree prevents the carrying out of other portions until the appeal is heard. As the appeal stays only the portions of the decree to which it applies (see *Dow* v. *Superior Court, supra,* 140 Cal.App.2d 399, as to severability of the portions appealed from, from those not appealed from) and as no appeal was taken, the decree was in full effect as to the nonappealed portions. As to these it was the duty of the administratrix to follow the decree and deliver to the persons the property distributed or ordered paid by the decree. The order of September 7 therefore determined that these portions were severable from those appealed from. Appellant contends that in obeying the order by delivering to respondent her distributive share there might not be sufficient moneys accruing subsequent to the accounts settled by the decree to meet all obligations of the estate.

Unfortunately the court took no evidence. The entire hearing was devoted to argument of counsel. However, respondent

did not offer, or request an opportunity to offer, evidence. The probate court was familiar with the condition of the estate at the time of making the decree of distribution, but no accounting was had of the receipts and disbursements since December 31, 1953. (The decree was rendered February 2, 1955.) Moreover, subsequent to the entry of the decree an order was made granting appellant family allowance of $500 per month "during the progress of the settlement of the Estate, and the Appeal now pending from the Judgment and Decree of Final Distribution, or until the further Order of this Court."[2] The situation at the time of the decree of distribution and at the time of the making of the order appealed from justified the court, without taking further evidence, in making the order it did as regards everything but the delivery to respondent of 2,200 shares of River Farms Company stock. This would have left in the estate 2,558½ shares. Assuming that the decree of distribution finding that Mrs. Dow was entitled to half of the estate was affirmed,[3] there would be only 358½ shares plus what moneys may then have been on hand over and above that required to make the payments ordered by the decree and by said order, to insure the payment of all charges and claims not provided for in the decree of distribution, without resorting to the 2,200 shares to which Mrs. Dow would be entitled to place her on an equal basis with respondent. If the family allowance order is affirmed, there already has accrued thereon a sum in excess of $12,000. The court should have taken evidence to determine what were the moneys then on hand, the probable claims and charges not yet accounted for, accrued or to accrue, including the family allowance if eventually sustained. It should be pointed out that the decree of distribution did not fully take into account the fact that it might be followed by an appeal or the appeals then already brought. For example, it provides as a "reserve for the closing expenses of said Estate, and for the payment of any taxes which may be properly assessed against said Estate" the sum of $100 only. We cannot determine from the record that the reservation of 358½ shares (at $35 per share they would bring $12,547.50) with the income thereon and with the undetermined amount of money then on hand, would have been an adequate reserve to meet the foreseeable

[2]That order also has been appealed (see *Estate of Dow* (Cal.App.) 305 P.2d 205—hearing granted in Supreme Court on February 13, 1957).

[3]It was in *Estate of Dow, No. 17055,* this day decided, *ante,* p. 47 [308 P.2d 475].

contingencies during the final determination of all estate matters. In the affirmance of the decree of distribution in *Estate of Dow, No. 17055, ante,* p. 47 [308 P.2d 475], we pointed out that 1,000 shares of River Farms stock should be immediately delivered to respondent and appellant respectively, and that the probate court should determine at once what assets of the estate, money or stock or both, are required to be withheld to meet all foreseeable contingencies.

The decree of distribution ordered payment to Attorney Caubu of $3,250, and to Attorney Bryant of $350. The order reduces the Caubu amount to $2,500, and increases the Bryant amount to $700. Bryant had appealed from the $350 allowance. Appellant's criticisms of these changes are captious and unfounded. In the petition for the order respondent alleged that Mr. Caubu was willing to accept $2,500 in compromise of the amount awarded him. Appellant answered that she was not willing to accept the compromise, because Mr. Caubu's services were worth the $3,250 awarded. The court obviously having in mind the interests of the estate, properly ordered the lower amount paid. As to the Bryant amount, respondent alleged that he had appealed from the award to him but would accept $700 in compromise. Appellant answered admitting his appeal but taking no position on the suggested compromise. Here, again, under the circumstances, the court was justified in acting for the best interests of the estate.

The order is modified to require delivery to respondent of only 1,000 shares of River Farms stock. In all other respects the order is affirmed. Respondent shall recover costs.

Peters, P. J., and Wood (Fred B.), J., concurred.