[Civ. No. 17055-17057.   First Dist., Div. One.   Mar. 11, 1957.]

MAXINE PATRICIA HUTCHINSON, Petitioner, v. SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent; MAXINE B. DOW, as
Administratrix, etc., Real Party in Interest.

[Consolidated Cases.]

William A. White and Hutchinson & Quattrin for Peti-
tioner.

No appearance for Respondent.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein,
Goldstein, Barceloux & Goldstein and Joseph L. Alioto for
Real Party in Interest.

BRAY, J. ▮ Petitioner petitioned for writs of mandate,
prohibition, certiorari or such other writs as might be appro-
priate, as an alternative to her appeal in *Estate of Dow, No.
17056,* in case this court should decide it did not have the
power to determine the matters raised by that appeal.   In
our decision of that appeal this day filed (*Estate of Dow,
No. 17056, ante,* p. 67 [308 P.2d 488]) we decided all
matters raised upon that appeal.   However, in this proceed-
ing petitioner additionally has raised matters occurring sub-

sequent to the order appealed from in that proceeding, and which were not and could not be considered therein. They relate to subsequent proceedings with relation to appellant's attempts to eliminate from the transcript on appeal from the decree of distribution (*Estate of Dow, No. 17055,* this day decided, *ante,* p. 47 [308 P.2d 475]) the testimony of seven attorneys described in *Estate of Dow, No. 17056, ante,* p. 67 [308 P.2d 488]. In spite of the fact that in the order of April 28, 1955, the probate court refused to grant petitioner's motion to exclude from the estimate of costs of the transcript the $452.70 representing the cost of the transcription of said testimony, the testimony was not included in the reporter's transcript later prepared and presented to the court for certification. On September 29, 1955, respondent requested correction of said transcript by insertion therein of said omitted testimony. September 30, petitioner filed objections to such insertion on the ground that by her amended notice of appeal from the decree of distribution filed March 8 the allowances to said seven attorneys were no longer appealed from and therefore their testimony was immaterial. October 10 the matter was heard. Respondent contended that all matters in the decree of distribution were inseverable and hence petitioner having originally appealed from the decree as a whole could not, by the amended notice of appeal, appeal only from portions thereof. The probate court thereupon granted respondent's request and denied petitioner's objections upon the ground of the question of severability, stating, in effect, that if respondent's position thereon were incorrect the matter could be taken care of when costs were assessed. In April, 1956, in *Dow* v. *Superior Court,* 140 Cal. App.2d 399 [297 P.2d 30], this court held that the orders for payment of fees to the seven attorneys, among other matters, were severable from the rest of the decree and that the effect of petitioner's amended notice of appeal was that there no longer was an appeal from such orders. However, at the time of the hearing of October 10, 1955, the question of the severability of the appeal had not been determined and the court was well within its rights in refusing to keep the requested testimony out of the transcript.

Now, on the appeal from the decree, it is apparent that the testimony need not have beeen included. No part of it needed to be or was used on the appeal. Its inclusion could very well have awaited the determination of the question of severability of appeal, and an augmentation of record made

thereafter, if necessary. For that reason, and as petitioner has paid out the amount of its cost, in our decision of the appeal from the decree of distribution we have provided for a credit in that amount to be deducted from the costs payable by petitioner.

The petition is denied.

Peters, P. J., and Wood (Fred B.), J., concurred.