[S. F. No. 19406.   In Bank.   June 17, 1957.]

Estate of EDGAR LAURENCE DOW, Deceased.   MAXINE
PATRICIA HUTCHINSON, Appellant, v. MAXINE B.
DOW, Respondent.

William A. White, Hutchinson & Quattrin and J. Albert Hutchinson for Appellant.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein, Joseph L. Alioto, Erskine, Erskine & Tulley and Morse Erskine II, for Respondent.

SPENCE, J.—Appellant, who is decedent's daughter and a beneficiary under his will, appeals from an order granting a family allowance to her mother, who is decedent's widow and also a beneficiary under his will. The daughter contends that the probate court, having entered a final decree of distribution in the estate, thereupon lost jurisdiction to enter the challenged order. However, the daughter had appealed from certain portions of that decree, and the widow contends that pending determination of that appeal, the court had power to make the order granting the family allowance. The particular circumstances presented by the record here clearly sustain the widow's position.

Disputes concerning various proceedings in this estate have been the subject of prior decisions (*Estate of Dow*, 91 Cal.App.2d 420 [205 P.2d 698]; *Estate of Dow*, 120 Cal.App. 2d 296 [260 P.2d 970]; *Dow* v. *Superior Court*, 140 Cal.App. 2d 399 [297 P.2d 30]), and the history of this prolonged litigation is set forth in the cited opinions. For the purposes of the present problem, the initial fact to be noted is the entry of a final decree of distribution on February 2, 1955. That decree settled the final account of the widow as administratrix of the estate, directed payment of the debts, expenses of administration and a legacy, ordered the filing of a supplemental account, and awarded the residue in equal shares to the widow and the daughter. It specifically decreed that ''all of the balance of the real and personal property of said estate, *after payment of all obligations, costs, and attorneys' fees*, as herein provided, be, and the same is hereby divided and distributed equally between'' the widow and the

daughter; that the widow, the administratrix, file "*a supplemental account showing all receipts and disbursements of said estate since the date of the filing of the fourth and final account and petition for distribution . . .*"; and that the administratrix, in order "*to fully and finally discharge all of the debts and obligations and outstanding claims against said estate,*" be "authorized to sell" sufficient shares of certain stock as might be required therefor. (Emphasis added.)

On the same day, February 2, 1955, the daughter appealed from the whole of the decree. Then on March 8, 1955, she modified the scope of her appeal by limiting it to the awards to the widow (the legacy, a debt, reimbursement for certain expenses and compensation as administratrix) and to awards to certain attorneys for services rendered the estate. (*Dow* v. *Superior Court, supra,* 140 Cal.App.2d 399, 404.)

On February 18, 1955, the widow filed a petition for an allowance from the estate. After a hearing the challenged order was made on April 13, 1955. It directs that $500 a month "be appropriated from said Estate" for the maintenance of the widow, commencing as of February 2, 1955, and continuing "during the progress of the settlement of the Estate, and the Appeal now pending from the Judgment and Decree of Final Distribution, or until the further Order of this Court." It is apparently conceded that there was ample evidence to sustain the findings of fact embraced within the following findings and conclusions upon which the order was based: the total assets of the estate are approximately $391,937; the widow has no assets of her own with which to support and maintain herself pending the hearing of the daughter's appeal from the decree of distribution and is completely without funds for necessary medical care and hospitalization; the widow is entitled to a reasonable allowance out of the property of the estate for her maintenance and support according to her circumstances; and $500 per month is a reasonable amount to be paid therefrom for that purpose.

■ In view of the foregoing findings, the decision of September, 1953, in this estate which had directed the termination of the widow's prior monthly allowance (*Estate of Dow, supra,* 120 Cal.App.2d 296, 298) did not preclude the court from granting her the present allowance. As the basis for that termination, there were findings that at that time there were no matters pending which called for further administration other than payment of an asserted claim of the

administratrix in her individual capacity and certain expenses of administration, and that it was to the best interests of all parties concerned to close the estate immediately. Some three months thereafter the mother filed her final account and petition for distribution; the daughter filed objections to that account and alleged that her mother was entitled to no share in the estate; the final decree of distribution was ultimately filed on February 2, 1955, and the daughter at once appealed therefrom. (See *Dow* v. *Superior Court, supra,* 140 Cal.App.2d 399.) The estate was therefore no longer in a condition to be ''immediately'' closed because of the pending appeal. Upon such change in conditions, the prior order terminating the widow's allowance, which was made upon the theory that the estate then appeared to be in a condition to be ''immediately'' closed, would not prevent the court's renewed consideration of the propriety of granting another allowance under the circumstances. (*Estate of Dow, supra,* 91 Cal.App.2d 420, 427-429.)

Nor did the mere entry of the above-mentioned final decree of distribution deprive the court of power to make the widow an appropriate allowance. As above stated, that decree had not become final but was subject to the daughter's pending appeal when the presently challenged allowance was made. The property of a decedent is ''chargeable with the . . . payment of . . . the allowance to the family'' (Prob. Code, § 300) and such allowance is payable ''during the progress of the settlement of the estate.'' (Prob. Code, § 680.)

The allowance is wholly statutory (*Estate of King,* 19 Cal.2d 354, 362 [121 P.2d 716]) and is preferred to most other claims against the estate. (Prob. Code, § 750.) Its continuance during ''the progress of the settlement of the estate'' would indicate the Legislature's intent ''to make a provision for the family of the deceased prior to the time when the estate could be finally distributed to them.'' (*Estate of McSwain,* 176 Cal. 280, 284 [168 P. 117]; see also *In re Walkerley,* 77 Cal. 642, 644-645 [20 P. 150]; *Estate of Blair,* 42 Cal.2d 728, 730-731 [269 P.2d 612]; *Estate of Jacobs,* 61 Cal.App.2d 152, 155-156 [142 P.2d 454].) Manifestly, this eventuality cannot occur while the daughter's appeal from the final decree of distribution is pending, and accordingly, the court had the power to make a reasonable allowance for living expenses during such period.

The daughter argues that the final decree of distribution disposed of all property in the estate and there was nothing left

for the probate court to "appropriate" for the payment of the widow's allowance as thereafter ordered. In support of her position, the daughter relies on the early case of *Estate of Garraud* (1868), 36 Cal. 277, 279-280, declaring that an order distributing the entire estate was a "final order . . . and its effect, unless subsequently modified or reversed on appeal, was a final disposition of all the funds of the estate . . .; nothing of the estate remained for the Court to act upon . . . and, pending [an] appeal, no action could be taken by the Court below for the enforcement of the order, or upon any subject matter embraced therein." Accordingly, it was held that the court thereafter had no power to direct payment of certain attorney fees and expenses from the estate funds, for the "subsequent order" operated "upon the same subject matter as the former order," disposed "of a portion thereof in direct conflict with the former order," and was "therefore, null and void for want of jurisdiction of the Court at the time it was made." The same principle was followed in *Estate of Freud* (1901), 134 Cal. 333, 337 [66 P. 476], and *Estate of Baird* (1919), 181 Cal. 742, 744 [186 P. 351]. But these cases all concerned the propriety of orders purporting to make subsequent inconsistent awards of specific funds or property which had been the subject of disposition in prior orders or decrees from which an appeal was pending. None of these cases involved a decree of distribution similar to that in the present case, and none involved the propriety of an order granting a family allowance pending the determination of an appeal from a decree of distribution.

The particular circumstances of this case must be kept in mind. There may be cases in which the final decree of distribution disposes of the property of the estate in such manner that any order for a family allowance thereafter might be wholly inconsistent with the terms of the prior decree; and there may be cases in which an appeal from the decree is taken by the widow herself in bad faith, simply for the purpose of prolonging the administration and of obtaining a further family allowance pending final settlement. But here the daughter, not the widow, has taken the appeal from the decree; and the decree, while denominated a decree of final distribution, specifically provides, as above indicated, for further proceedings, including the payment of all obligations of the estate and the sale of certain property, if necessary, to satisfy such obligations; and it expressly orders a supplemental account. Consequently, there is nothing inconsistent

in the further order of the court granting a family allowance, a statutory obligation of the estate under sections 300 and 680 of the Probate Code, for the purpose of providing "for the needs of the surviving family during the period of readjustment following the death of a spouse" (*Estate of Blair, supra,* 42 Cal.2d 728, 730) and until the approximate time when the widow might come into possession of her distributive share in the estate. There is therefore no question of conflicting decrees and orders such as were involved in the above-cited cases on which the daughter relies. We conclude that under the circumstances presented here, the trial court properly granted to the widow a reasonable allowance for her maintenance during the time that she is deprived of her distributive share by reason of the daughter's pending appeal.

Since the oral argument in this case, the decision upon the appeal from portions of the final decree of distribution has become final. (*Estate of Dow,* 149 Cal.App.2d 47 [308 P.2d 475].) The determination of that appeal, however, can have no effect upon the questions presented herein.

The order is affirmed.

Shenk, J., Carter, J., and Traynor, J., concurred.

GIBSON, C. J., SCHAUER, J., and McCOMB, J.—We dissent for the reasons expressed by Mr. Justice Wood (Fred B.) in the opinion which he prepared for the First District, Division 1, of the District Court of Appeal. (See *Estate of Dow* (Cal.App.) 305 P.2d 205.)

Appellant's petition for a rehearing was denied July 16, 1957. Gibson, C. J., Schauer, J., and McComb, J., were of the opinion that the petition should be granted.