[Civ. No. 18108. First Dist., Div. Two. Feb. 9, 1959.]

Estate of EDGAR LAURENCE DOW, Deceased. MAXINE B. DOW, as Administratrix With the Will Annexed, Respondent, v. MAXINE PATRICIA HUTCHINSON, Appellant.

Hutchinson & Quattrin and William A. White for Appellant.

Rogers & Clark, Webster V. Clark and Bernard P. McCullough for Respondent.

DRAPER, J.—This is one more appeal in the prolonged and bitter dispute between mother and daughter over distribution of the estate of the husband and father. Testator died in 1930. The intervening years have not cooled the acrimony of his survivors. The case has often been before the appellate courts. (*Estate of Dow,* 91 Cal.App.2d 420 [205 P.2d 698] [hearing denied by Supreme Court] ; *Estate of Dow,* 120 Cal.App.2d 296 [260 P.2d 970] ; *Dow* v. *Superior Court,* 140 Cal.App.2d 399 [297 P.2d 30] [hearing denied] ; *Estate of Dow,* 149 Cal.App.2d 47 [308 P.2d 475] [hearing denied] ; *Estate of Dow,* 149 Cal.App.2d 67 [308 P.2d 488] ; *Estate of Dow,* 149 Cal.App.2d 69 [308 P.2d 489] ; *Hutchinson* v. *Superior Court,* 149 Cal.App.2d 73 [308 P.2d 492] ; *Estate of Dow,* 48 Cal.2d 649 [312 P.2d 1].) Thus it is not surprising that the present appeal turns largely upon the interpretation and application of previous decisions.

On February 2, 1955, the probate court entered its order settling third and fourth accounts of respondent as administratrix with the will annexed and its decree of distribution. The present appellant appealed from that order and decree, later restricting her appeal from the decree to those portions directing distribution to Mrs. Dow. April 13, 1955, the probate court ordered payment of an allowance of $500 per month to respondent "during the progress of the settlement of the Estate, and the Appeal now pending . . ., or until the further Order of this Court." The present appellant appealed from that order. On September 7, 1955, the probate court ordered respondent administratrix to deliver to Mrs. Hutchinson, within 10 days, certain of the assets described in the decree of distribution. Respondent administratrix appealed from that order. The appellate court modified and affirmed the order settling accounts and the decree of distribution (149 Cal.App.2d 47, 66) and the order of September 7, 1955 (149 Cal.App.2d 69). Thereafter the order granting family allowance was affirmed (48 Cal.2d 649). By order filed July 17, 1957, the probate court settled supplemental accounts which covered the period after the 1955 decree, terminated the family allowance, granted ordinary and extraordinary compensation

to administratrix and her attorneys, directed retention in the estate of cash and 758½ shares of River Farms Company, and directed distribution of the remaining assets in equal shares to the parties hereto. The daughter now appeals from portions of this latest order.

Appellant's basic argument is that the decree of distribution filed February 2, 1955, determined the rights of the parties. Since she appealed only from the portions directing distribution to respondent, she contends that the decree became final as to appellant's distributive share on respondent's failure to appeal therefrom. Thus, she asserts, the court in 1957 had no jurisdiction to charge her distributive share with any part of the family allowance and other expenses of administration arising after February 2, 1955.

But this issue has been determined against appellant's contention. The Supreme Court (48 Cal.2d 649, 653) held that under "[t]he particular circumstances of this case" the family allowance after decree of distribution was a proper charge against the estate. Appellant suggests that this decision must be construed to award respondent a family allowance only from respondent's own half of the estate. This view is clearly contrary to the holding implicit in the Supreme Court decision, as appellant recognized in petitioning for rehearing in that case. In that petition, she described as "incontestable" the fact that "50 cents of every dollar paid under this order is abstracted from appellant's distribution." Similarly, the estate as a whole is chargeable with proper expenses incurred while the appeals from the 1955 orders necessarily extended the period of administration. The Supreme Court specifically noted that when the daughter appealed from the decree of distribution the "estate was therefore no longer in a condition to be 'immediately' closed" (48 Cal.2d at p. 652) and that "the decree, while denominated a decree of final distribution, specifically provides . . . for further proceedings, including the payment of all obligations of the estate . . ." (P. 653). The District Court of Appeal recognized that the decree of distribution "did not fully take into account the fact that it might be followed by an appeal" (149 Cal.App.2d at p. 71), specifically contemplated "payment of all charges and claims not provided for in the decree of distribution" (p. 71) and modified the order to require withholding of additional assets to meet "the foreseeable contingencies during the final determination of all estate

matters" (pp. 71-72). The probate court was directed to "determine at once what assets of the estate, money or stock or both, are required to be withheld to meet all foreseeable contingencies" (pp. 72, 66). This language completely disposes of appellant's claim that the probate court lacked jurisdiction to assess any charges against the estate after the 1955 decree. However, she attacks individual items upon other grounds.

■ Appellant argues that the allowance of ordinary and extraordinary compensation to administratrix and her attorneys is improper. As suggested above, the appeal of the present appellant from the 1955 decree compelled continuance of administration. We do not seek to apportion responsibility for the delay in administration over its whole period. It is implicit, however, in the appellate decisions of 1957 that the delay since February 2, 1955, has not been due to respondent's whim or wrongdoing in any sense which should deprive her or her counsel of reasonable compensation. ■ The occasion for and the amount of extraordinary compensation is a matter for the discretion of the trial court, to be interfered with on appeal only for abuse. (*Estate of Scherer,* 58 Cal.App.2d 133, 142 [136 P.2d 103].) ■ Such compensation may be allowed an attorney for defending the administrator's account. (*Estate of Raphael,* 128 Cal.App.2d 92, 97 [274 P.2d 880].) ■ We have reviewed the allowances made to the administratrix and her attorneys, and find no reason to disturb them.

■ Appellant asserts that the probate court abused its discretion in directing administratrix to withhold assets worth approximately $50,000 to pay "charges due or to become due." While this amount seems somewhat large, we must note that the principal item so withheld is corporate stock upon which substantial taxable capital gains will be realized when it is reduced to cash. This fact, and the long history of this case, which the probate court might well fear would be still further lengthened, lead us to feel that there has been no abuse of discretion.

■ Appellant complains that the family allowance should have terminated at an earlier date than July 2, 1957. Decision modifying and affirming decree of distribution was filed March 11, 1957 (149 Cal.App.2d 47), hearing by the Supreme Court was denied May 8, 1957 and remittitur was issued May 13, 1957. The Supreme Court decision affirming order for family

allowance (48 Cal.2d 649) pointed out that the allowance was to continue "until the approximate time when the widow might come into possession of her distributive share." Portions of the estate were distributed May 28, 1957, and on June 26, in accordance with the order of the District Court of Appeal, respondent filed her second supplemental account and sought determination of the amount to be withheld from distribution for closing costs. On July 17, the day after the Supreme Court's affirmance of the family allowance became final, the probate court entered its orders fixing the amount to be withheld and terminating the family allowance after payment of $500 which had become due July 2. Full distribution could not be had at an earlier date because of the several appeals. In fact, the present appeal has still further delayed the date when the widow may come into possession of her distributive share. We find no error in selection of the termination date.

In 1955, the probate court had ordered payment to Attorney Caubu of $3,250, and had later reduced this amount to $2,500, a compromise which the attorney was said to be willing to accept. The administratrix appealed from the order reducing the allowance, and the reduction was affirmed, the court noting that the criticisms by the administratrix "are captious and unfounded" (149 Cal.App.2d 72). Undaunted, respondent again sought payment of the same sum of $750 to Attorney Caubu, and it was granted by the probate court. We find no reason for this restoration of the previous deduction, and it is not sought by the attorney involved. This allowance must be reversed.

The order now appealed from also directs payment by appellant to respondent of $338.61 as costs in a proceeding in which respondent secured a writ of prohibition concerning the order of September 7, 1955. No costs were awarded by the District Court of Appeal in that original proceeding. (*Dow* v. *Superior Court,* 140 Cal.App.2d 399 [297 P.2d 30].) In an original proceeding, costs are not awarded to the prevailing party as of course, and, in the absence of specific order therefor by the appellate court, they are not recoverable. (3 Witkin, California Procedure, 2564 and cases there cited.)

Appellant complains of reduction of the bond of administratrix to $10,000. But the record does not negative application of Probate Code, section 541.1. Thus there is no basis for reversal or modification of the order here. The remaining detailed attacks are based principally upon the claim

that distribution to appellant was final with the decree of February 2, 1955, and that the court had no jurisdiction thereafter. This contention has been fully discussed, and cannot be sustained.

 Appellant also has appealed from minute order of September 12, 1957, authorizing sale of 300 shares of stock retained by the estate. The two appeals are consolidated. The record before us indicates that notice of hearing of the petition for the latter order was neither given to appellant nor dispensed with by court order. But the personal representative can secure such an order only on notice, unless the court makes its order dispensing with notice. (Prob. Code, § 771.) Thus this order must be reversed.

The minute order of September 12, 1957, is reversed. The portions of the order of July 17, 1957 directing payment of $750 to Attorney Caubu, and payment to respondent by appellant of $338.61 for costs in the prohibition proceeding are reversed. In all other respects that order is affirmed. Costs are awarded to respondent Maxine B. Dow.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied March 11, 1959, and appellant's petition for a hearing by the Supreme Court was denied April 1, 1959.