[Civ. No. 21060.    First Dist., Div. Three.    Nov. 1, 1963.]

Estate of ZELLA ADAIR WALKER, Deceased. HILARY H. CRAWFORD, as Executor, etc., et al., Petitioners and Appellants, v. FLORIEN KINGSBURY, Objector and Respondent.

Hilary H. Crawford, Jr., in pro. per., for Petitioners and Appellants.

Hugh B. Miller for Objector and Respondent.

SALSMAN, J.—Appellants, the executor and attorney, appeal from the probate court's order which denies them compensation for extraordinary services rendered during the administration of the estate of Zella Adair Walker. Two issues are presented, first, when services of the type listed in Probate Code section 902 are rendered, has the court discretion to deny extra compensation, and second, did the court here abuse its discretion in denying compensation for extraordinary services?

In her will the decedent named her attorney, Hilary H. Crawford, as executor. The executor employed his son, Hilary H. Crawford, Jr. as his attorney in matters relating to the administration of the estate. Hilary H. Crawford and Hilary H. Crawford, Jr. practice law, and share the same offices. There is no showing that any partnership exists between them, however, and it is expressly stated in their briefs that no partnership does in fact exist, and that in these proceedings no part of the fee of either is shared by the other.

The value of decedent's estate, for the purposes of computing the ordinary fees due appellants, amounted to $313,719.98, and the ordinary statutory fee for each was $6,085.80. The estate consisted almost entirely of cash in banks, securities, and the personal effects of the decedent. The executor filed a first and final account and petition for distribution and prayed for an allowance of $1,000 to himself and the same amount for his attorney, as compensation for extraordinary services rendered during administration of the estate. The extraordinary services were alleged to be: (1) sale of a community apartment of the deceased; (2) sale of securities necessary to pay taxes; (3) preparation and filing of federal and state income tax returns; (4) sale of furs; (5) preparation and filing of the federal estate tax return; (6) conferences and hearings in connection with the determination of state inheritance taxes. At the hearing on the petition for distribution and request for an allowance of fees for extraordinary services, respondent, a party in interest, appeared and made an oral objection to the allowance of additional fees. The probate judge took the request under submission with the statement that he would "discuss the matter with the Commissioner," and later entered his order denying any fees for extraordinary services. The order stated the court's finding: "That the statutory fees paid to the executor and his attorney are adequate and fair compensation for all services rendered to and for said estate by the executor and his attorney."

Appellants contend that it is mandatory upon the probate court to make some allowance in their behalf for the extraordinary services rendered, or in the alternative, that if the probate court has discretion to disallow fees for extraordinary services, there was an abuse of discretion here in denying any compensation. We have concluded that further fees are not mandatory, that no abuse of discretion has been shown, and that the order of the probate court must be affirmed.

Section 901[1] fixes the ordinary compensation for executors and administrators. Section 902 makes provision for additional fees for executors and administrators. It provides in part: "Such further allowances may be made as the court may deem just and reasonable for any extraordinary services, . . ." The extraordinary services described in section 902 are the same or similar to the services for which additional compensation is here claimed. Section 910 fixes the ordinary fees to be allowed to attorneys for executors and administrators and it too provides for an allowance of fees for extraordinary services in "such further amount as the court may deem just and reasonable. . . ."

█ It is not disputed here that the services rendered by appellants and described in the petition for distribution come within the description of extraordinary services described in section 902, and appellants therefore contend that some extra compensation must be ordered by the probate court. This is not correct. The language of the Probate Code makes it clear that the allowance of fees for extraordinary services rendered in probate proceedings by executors, administrators and their attorneys is discretionary with the probate court. █ In making an allowance for such services, or in disallowing a claim therefor, the court may take into consideration all matters relating to the administration of the particular estate, such as the value of the estate, the kind and character of the assets, the effort involved in the care and preservation of estate property, and such other facts as bear upon the labor and effort of the executor, administrator and attorney in the routine administration of the estate. Finally, the amount of the ordinary fees to which such persons are entitled under the provisions of sections 901 and 910 may be considered, and if, under all the facts and circumstances bearing upon the administration of the estate, the sum allowed by law as ordinary compensation appears to be adequate, just and reasonable compensation for all services rendered, even though some extraordinary services may have in fact been performed, the probate court may, in the exercise of the discretion conferred upon it by the statute, disallow all claims for extraordinary compensation. (See *Estate of Fulton*, 23 Cal.App.2d 563, 567 [73 P.2d 664]; *Estate of Buchman*, 138 Cal.App.2d 228, 235 [291 P.2d 547].) The purpose of the Legislature in enacting sections 902 and 910 was to allow extra compensation to be

---

[1]All references are to the Probate Code.

granted in proper cases, but only where extraordinary services are not adequately compensated by the statutory fees established by section 901.

■ Appellants next contend that if the probate court has discretion to disallow further fees for extraordinary services, there is an abuse of discretion in this case in denying further fees.

■ Abuse of discretion appears when, in the exercise of its discretion, the court exceeds the bounds of reason, all circumstances before the court being taken into consideration. ■ Abuse of discretion is never presumed; it must be affirmatively established by the party complaining of the court's order, and all reasonable inferences from the evidence which will uphold the order will be indulged. (*Berry v. Chaplin*, 74 Cal.App.2d 669, 672 [169 P.2d 453].) ■

Here no abuse of discretion is shown. The probate court had before it the entire record of the proceedings in the administration of the estate. The court was aware of the fact that almost the entire estate consisted of cash in banks, securities, and the personal effects of the decedent. It does not appear that any of the assets were difficult of management or required any special care or attention such as might be anticipated had the assets of the estate included a going business, an apartment house, or similar property. Moreover, the executor, as a member of the bar, is presumably familiar with the duties and responsibilities of the office of executor and hence less likely to require extensive counsel and advice from his attorney than would a layman serving in a like capacity. Since both executor and attorney occupy the same offices, consultations between them relating to the management of the estate could be prompt and direct. There was obviously no need for correspondence between them, or even a telephone call to arrange an appointment for preparation and execution of legal documents relating to the administration of the estate. Appearance before the probate court could as readily be made by one as the other. Although the first and final account, report and petition for fees for extraordinary services was certified by the executor, it was presented to the probate court by the attorney, and only the attorney gave oral testimony relating to the petition and report. All of these matters, including the record of the entire proceedings, were before the probate court when that court made its order denying appellants' request for fees for extraordinary services. It appears that the judge considered the matter with

care, and entered his order only after a careful review of the entire record. We find no abuse of discretion. (*Estate of Dow,* 167 Cal.App.2d 707, 711 [334 P.2d 1063].)

The order is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied November 27, 1963, and appellants' petition for a hearing by the Supreme Court was denied December 30, 1963.